THE PEOPLE, ex relatione HOYT, *vs.* THE SUPERVISORS OF THE COUNTY OF KINGS.

In the counties of *Suffolk*, *Queens* and *Kings*, the board of supervisors have no authority, in case of an assessment of damages by a jury on the laying out of a highway, to examine into the principles on which such assessment was made, or into the fairness or justice thereof; nor have they the power to *increase* or *reduce* such damages; but on the contrary are bound according to the requirements of the act to impose a tax to raise the *whole amount*, as settled by the jury.

The decision in this case overrules the principal question decided in *The People ex relatione Patchen* v. *The same defendants*, 7 Wendell, 530.

ERROR from the supreme court. A road was laid out in the county of *Kings*, under the "act regulating highways and bridges in the counties of Suffolk, Queens and Kings," passed 23d February, 1830. See 3 R. S. App. 135. Land belonging to the relator was taken for such road, and his damages *were assessed by a jury* at $1450, and a statement was duly laid before the board of supervisors of the verdict of the jury and of the charges and expenses of the laying out of the road, and the board was required to lay a tax upon the town of Brooklyn according to the requirements of the statute, to pay and satisfy such damages. The board at first refused to impose a tax for such purpose, but subsequently they referred the matter to a committee, who made a report greatly reducing the amount of damages to be allowed to the relator, but before the report was finally disposed of an *alternative mandamus* was served upon them,

directing them forthwith to impose a tax upon the town of
Brooklyn to satisfy the damages assessed to the relator, or
to show cause, &c. To this writ the supervisors made a
return, stating the above facts, and relying for the course
adopted by them, upon the decision of the supreme court
in the case of *The People ex relatione Patchen* v. *The Su-*
*pervisors of the county of Kings,* 7 Wendell, 530. The re-
lator demurred to the return, and on the argument of the
demurrer, judgment was given for the defendants, upon the
principles and for the reasons stated in the case referred to
in the return of the defendants. The relator sued out a writ
of error, and the cause was argued in this court by

*S. F. Clarkson* and *J. A. Spencer,* for the plaintiff in error.

*I. L. Wendell* and *S. Stevens,* for the defendant in error.

After advisement, opinions were delivered by the CHAN-
CELLOR and *Senators* EDWARDS and MAISON recommending a
*reversal* of the judgment of the supreme court.

The CHANCELLOR was of opinion from the course of le-
gislation in reference to highways in the counties of Suffolk,
Kings and Queens, from the earliest enactments on the sub-
ject, and particularly from the circumstances under which
the act of 23d February, 1830, in reference to the highways
in those counties was passed, as evidenced by legislative
journals and documents, that the legislature *did not intend*
that the provision of the *general act in relation to highways,*
whereby power is given to boards of supervisors " to ex-
amine into the principles on which such assessments shall
have been made, and into the fairness and justice thereof,
and to *increase* or *reduce* the damages, as in their judgment
shall be just and reasonable," 1 R. S. 515, § 69, should ap-
ply to the counties of Suffolk, Kings and Queens ; and that
the difference in the phraseology of the two acts was design-
ed with the express view of continuing the *local law* as it
existed at the time of the enactment of the act of 23d Feb-

ALBANY,
Dec. 1836.

The People
v.
Supervisors
of Kings.

ruary, 1830, so that the *verdict of the jury* should be *final* and *conclusive*, as well in respect to the town as the individual whose land was taken; and that consequently the supervisors were bound to allow the *whole amount of damages as settled by the jury*, and had no power to *reduce* the same. For these among other reasons he was for reversing the judgment of the supreme court. Senators EDWARDS and MAISON substantially concurred in the views taken of the question by the Chancellor.

On the question being put, *Shall this judgment be reversed?* all the members of the court with one exception (twenty-five being present) voted in the affirmative.

Whereupon the judgment of the supreme court was RE-VERSED.