RICE *vs.* HOLLENBECK and BELDEN.

Where trees are taken wrongfully, and manufactured into shingles, the owner may recover of the wrongdoer the enhanced value of the timber as made into shingles.

If on the trial of an action for unlawfully taking and converting timber, the defendant allows the plaintiff, without objection, to give evidence in regard to the value of shingles made from the timber by the defendant, he cannot be allowed to take the objection, on appeal, that the complaint was not for the shingles, but for the timber in its original state.

A defendant may raise the objection, in a justice's court on a motion for a nonsuit, that the plaintiff is tenant in common with another in the property in question, where the defect of parties appears upon the complaint, and the plaintiff bases his claim to recover for a portion of the value of the property upon the ground that he is a joint owner, with another person, of the property. SHANKLAND, J. dissented.

APPEAL from a judgment of the county court of Tioga county. The action was commenced before a justice of the peace, and was for wrongfully taking and converting a quantity of timber which had been made into shingles by them. The complaint showed that the plaintiff was tenant in common with one Fairchild, of the property; the plaintiff owning three undivided eighths of the property. The answer denied each and every allegation in the complaint, and alleged that the defendants purchased the property of one George King, and that the said King had a good title to the property. There was no averment in the answer in regard to the non-joinder of Fairchild, nor any plea in abatement, or otherwise, for this cause. On the trial before the justice the defendants moved that the plaintiff be nonsuited, for this defect of parties, which motion was overruled, and judgment given for the plaintiff, for the value of the property. That judgment was affirmed by the county court, and the defendants appealed.

MASON, J. The plaintiff was most clearly entitled to recover of the defendants the enhanced value of the timber in question as manufactured into shingles. (7 *Cowen,* 95. 3 *Comst.* 379. 5 *John.*348, 349. 10 *id.* 237. 8 *Wend.* 508. 6 *John.*

Rice v. Hollenbeck.

168.) There is nothing in the objection taken on this appeal that the complaint was not for the shingles, but for the timber in its original state, for the reason that the defendants allowed the plaintiff to give all his evidence in regard to the value of the shingles, and never in fact raised the objection, upon the trial, that the plaintiff was not entitled to recover the full damages which the law would give him, upon the proof, because of any omission or defect in the complaint.

The legal rule is, that an objection which does not go entirely to the merits of the action must be made at the trial. (4 *Hill*, 274. 5 *Wend.* 301. 13 *id.* 288.) The rule is a familiar one, that objections which might be obviated upon the trial, must be made then, or they cannot be raised afterwards. (16 *Wend.* 522. 20 *id.* 210. 1 *Cowen*, 622. 6 *Hill*, 407. 17 *Wend.* 87. 15 *id.* 502. 1 *Denio*, 281. 3 *id.* 114, 592.) If the defendants had raised this objection upon the trial, the plaintiff might have procured an amendment of his complaint, or he might have adduced proof of the value of the timber in its original state, and confined his claim to that. The only other point in the case, raised upon this appeal, is the nonjoinder of Fairchild, the other tenant in common, as a plaintiff in the action. The rule is well settled, that tenants in common, of real estate, must join in actions for trespass upon lands or for a nuisance to the land. (13 *John*, 286. 15 *id.* 479. 8 *Cowen*, 304. 6 *John.* 108. 8 *id.* 151. 11 *Mass. R.* 409.) So they must join in trespass or trover for taking or converting personal property. (1 *John.* 471. 1 *Hill*, 234. 1 *Wend.* 380. 8 *Miss. R.* 522. 11 *Shep. R.* 222.) The 119th section of the code preserves the same rule as to parties. The rule was settled under our former system of pleadings, that if one of several tenants in common sue where the others ought to join, the defendant must plead the nonjoinder in abatement, or it could not be a ground of defeating the action. (1 *John.* 471. 6 *id.* 108. 8 *id.* 151. 11 *Mass. R.* 419. 1 *Wend.* 380, 385, 386.) The defendant could not make this objection available by way of motion for a nonsuit, motion in arrest, or writ of error. (6 *John.* 766. 1 *Bos. & Pull.* 74. 1 *Wend.* 380, 385, 386.) It is claimed and insisted

by the defendant, however, that this rule requiring the defendant to plead the matter in abatement has no existence under our present code. In the courts of record, the 144th section of the code allows a demurrer for this defect of parties where, as in the present case, the defect appears upon the face of the complaint. And by section 147, the objection may be set up and taken in the answer, if it do not appear upon the face of the complaint; and it is declared in section 148, that if no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same. These sections, however, have no application to suits in justices' courts. (*Code,* § 8. 10 *How. Pr. R.* 64.) The framers of the code have provided a distinct system of pleadings for justices' courts, and have throughout regulated the practice in those courts by distinct enactments. The 64th section provides that the pleadings are the complaint and answer, and the 4th subd. of section 64 says the answer may contain a denial of the complaint, or of any part thereof, and also notice, in a plain and direct manner, of any facts constituting a defense; and the 6th subd. allows either party to demur to a pleading of his adversary, or any part thereof, where it is not sufficiently explicit to enable him to understand it, or it contains no cause of action, or defense. The complaint in the case under consideration does contain a cause of action, and the defendant could not demur. No demurrer is allowed for such a defect of parties, where there is a good cause of action stated in the complaint. And the defense provided by the answer is a denial, and a notice of any facts constituting a defense. The only thing, therefore, which the defendant could do, under the present system of pleadings in justices' courts, would be to give a notice with his answer, that the plaintiff was tenant in common in the property which is the subject of the action. It seems to me that there is but little use in requiring the defendant to give such notice with his answer, where the defect appears upon the face of the complaint. The same reasons which existed under our former system of pleadings do not now exist. It was a settled rule under the old system of pleadings that the defendant must first plead in abatement, and could not unite his pleas in

Rice *v.* Hollenbeck.

abatement with any other pleas. And the consequence was, if he interposed any pleas in bar with his pleas in abatement, the latter pleas were deemed waived. The result of the old practice was that this defect of parties plaintiff, in all actions of tort, could only be taken advantage of by plea in abatement, which must be disposed of before pleading to the action ; and so stubborn and inflexible was this rule that the nonjoinder could not be taken advantage of, either by demurrer, motion in arrest or writ of error, although the defect appeared on the face of the declaration. (6 *T. R.* 766. 7 *id.* 279. 1 *Wend.* 380, 385, 386. 5 *Hill,* 59, *note a.*) This rule, as to the order of pleading in abatement first, and not allowing such pleas to be interposed with any other plea, or defense to the action, has no existence under our present system of pleading, as we held at the last September term of this court. Why then should we hold to the old rule requiring this defense to be set up by plea in abatement alone ? There is no sense in such a requirement where the defect appears upon the face of the complaint itself. The sensible rule is that prescribed in courts of record by the 144th section of the code ; which is to demur where the defect of parties appears upon the face of the complaint ; but this is not allowed in justices' courts, and the only answer allowed in these courts is " a denial of the complaint or of any part thereof, and a notice in a plain and direct manner of any facts constituting a defense." (*Code, section* 64, *subd.* 4.) Now, why require this notice that the plaintiff is tenant in common with another in the property in question, when the plaintiff has alleged the fact in his complaint ? The only object of a notice of the defense is that the plaintiff may be apprised of the same, that he may be prepared to meet it. There can be no necessity of a notice in a case like the present, where the plaintiff makes the fact a prominent allegation in his complaint, and bases his claim of recovery of three undivided eighths of the value of the property, upon the distinct ground that he is a joint owner with another, of the property. It is a fact in the case, which he could not be allowed to dispute upon the trial. (2 *Comst.* 361, 506.) I am of opinion, for the reason above stated, and others which might be assigned, that

the defendant can raise this objection in a justice's court on a motion for a nonsuit upon the trial, where the defect of parties appears upon the face of the complaint; and that the case of *Tripp* v. *Riley*, (15 *Barb.* 334, 336,) which holds that the objection can only be taken by plea in abatement, is not to be followed. That case was decided upon the decisions under the old rule of pleading, without noticing in any manner the important changes wrought by our new code of procedure.

If I am right in the views above expressed, it follows that both the judgment of the county court, and that of the justice's court in this case, should be reversed. If my brethren think, however, that this objection can only be raised by plea in abatement, or by a notice accompanying the answer, in the nature of such plea, then the judgment must be affirmed.

GRAY, J. concurred.

SHANKLAND, J. dissented.

　　　　　　　　　　　　　　　　　Judgments reversed.

[CHEMUNG GENERAL TERM, May 15, 1855. *Gray, Shankland* and *Mason,* Justices.]