# SUPREME COURT.

## WILLIAM B. BURNETT agt. GEORGE D. WESTFALL.

The plaintiff brought his action upon a promissory note, made by the defendant
for $449.70, and transferred by the payee to the plaintiff, who claimed judg-
ment for the full amount. The defendant put in his answer, setting up, among
other things, two counter claims and set-offs of two notes, made by the payee
to the defendant, one for $125, and the other for $200.

At the time of the service of the answer, the defendant's attorney served upon
the plaintiff's attorney, an *offer* in writing, as follows: (Title of the cause.)
"Sir, take notice that the defendant hereby offers to allow the plaintiff in this
action, to take judgment against him, for the amount claimed in the summons
and complaint, less the amount of the two notes of Joseph Westfall, set up in
the third and fourth defences in the answer, and for costs and disbursements."

*Held,* that this offer was sufficient. It was not necessary that it should have
been made for a *specific sum.* The balance for which the plaintiff would have
been entitled to enter judgment, could have been easily ascertained by the
clerk, upon a computation of interest accrued on the respective notes. In
most cases where a precise sum is named in the offer, it would be necessary
before entering judgment, to have a computation of interest thereon by the
clerk.

And it is no valid objection to such an offer, that the answer is not filed, so that
the clerk can legally see the amount of the set-off, or notes to be deducted.
Because, 1st, the answer in this case referred to the offer, and was served
with it, and should be filed with the offer as a part of it. And 2d, the Code
provides that in all cases other than when the complaint is not answered, the
judgment roll shall consist of the summons, pleadings or copies thereof, and a
copy of the judgment, with any verdict or report, the offer of the defendant,
exceptions, case, and all orders and papers in any way involving the merits
and necessarily affecting the judgment. The answer is to constitute a part of
the judgment roll.

The plaintiff having failed at the circuit, to obtain a more favorable judgment
than the defendant offered, the defendant was allowed *costs* from the time of
the offer, and to have the same set-off against the plaintiff's recovery.

Burnett agt. Westfall.

The *motive* of a plaintiff in purchasing a note for prosecution, is not a proper subject for an *extra allowance* of costs. After he has got the note, he may conduct the *prosecution* of it fairly and without objection.

*Ontario Special Term, April,* 1857.

MOTION by defendant for costs against plaintiff, and for an extra allowance, &c., and that defendant's costs be set off against the recovery by plaintiff.

The action was upon a promissory note made by the defendant to Joseph Westfall or bearer, dated November 26, 1852, for $449.70, payable one day after date, with a payment indorsed at date of the note of $18.67.

The summons and complaint were served September 16, 1856, and claimed judgment for the amount of the note, deducting the amount of the payment indorsed, with interest on the balance from the time the note became due.

On the 22d September, 1856, the defendant's answer was served, setting up among other things, two counter claims, and set-offs of notes made by Joseph Westfall, the payee of the note upon which the action was brought, one for $125, dated July 31, 1854, payable Oct. 1, 1854, with use; and the other for $200, dated January 3d, 1855, payable one day after date. These counter claims were the third and fourth defences contained in the answer. At the same time with the service of the answer, the defendant's attorney served upon the plaintiff's attorney an offer in writing, which, after the title of the cause, was in the words and figures following: "Sir, take notice that the defendant hereby offers to allow the plaintiff in this action to take judgment against him for the amount claimed in the summons and complaint, less the amount of the two notes of Joseph Westfall, set up in the third and fourth defences in the answer, and for costs and disbursements.

Yours, &c.,

CORNWELL, WELLING & ARNOLD,

*Defendant's Attorneys.*"

"To S. BALDWIN, Esq.,

*Plaintiff's Attorney.*

Burnett agt. Westfall.

The plaintiff disregarded this offer, and put in a reply to the two counter claims, taking issue thereon respectively. The action was tried at the Ontario circuit, in February, 1857, when the plaintiff recovered a verdict against the defendant for $181.75, being the balance of the note sued on, after deducting the set-off and counter claims aforesaid. The defendant asks for judgment for his costs accrued after the offer was served, and for an extra allowance, and that such judgment for costs be set off against the plaintiff's recovery. The moving affidavits contain various statements from which the defendant claims that the prosecution has been unreasonably and unfairly conducted.

T. E. CORNWELL, *for defendant.*
J. C. SMITH, *for the plaintiff.*

WELLES, Justice. The plaintiff's counsel contends that the defendant's offer was insufficient, on the ground that it did not allow the plaintiff to take judgment for a specific amount. Section 385 of the Code provides as follows: " The defendant may, at any time before the trial or verdict, serve upon the plaintiff an offer in writing to allow judgment to be taken against him for the sum or property, or to the effect therein specified, with costs. If the plaintiff accept the offer, and give notice thereof in writing within ten days, he may file the summons, complaint and offer, with an affidavit of notice of acceptance, and the clerk must thereupon enter judgment accordingly." " If the plaintiff fail to obtain a more favorable judgment he cannot recover costs, but must pay the defendant's costs from the time of the offer." The clerk, upon the plaintiff's filing the summons, complaint, offer and affidavit of notice of acceptance, must thereupon enter judgment *accordingly :* that is, according to the defendant's offer.

In the present case, that offer was, in substance, to allow the plaintiff to take judgment for the amount claimed in the complaint, after deducting the amount of the two notes against

Burnett agt. Westfall.

Joseph Westfall set out in the answer. The balance for which the plaintiff would have been entitled to enter judgment, could have been easily ascertained by the clerk upon a computation of interest accrued on the respective notes.

But the plaintiff insists that the offer should specify the particular sum for which the judgment is to be entered, and leave nothing for the clerk to do in ascertaining the amount. It is argued that the language of the section referred to, requires this construction. The offer is to be, that the plaintiff take judgment for the sum or property, and it is insisted that this means, in an action for money, a specific sum. And again, it is argued that in this case, the clerk could not determine from the papers which the section requires the plaintiff to file when he applies to have judgment entered, which are the summons, complaint, offer and affidavit of notice of acceptance, for what sum the plaintiff is entitled to have the judgment entered; as none of those papers contain a statement of the notes described in the answer which were to be allowed to the defendant. In regard to the objection growing out of the words employed in the statute, it seems to me it will not do to adopt the construction for which the plaintiff contends. If that construction is to prevail, an offer to allow the plaintiff to take judgment for the amount claimed in the complaint, which set forth an indebtedness in a sum certain at the commencement of the action, and demanded judgment for that sum with interest, would be insufficient, because a computation would be necessary to determine the amount due when the judgment was entered. And even when the offer is for a sum certain, say one hundred dollars, unless the plaintiff accept it, and enter his judgment on the day the offer is served, a computation of the interest accruing between the service of the offer and the entry of judgment would be necessary in order to do justice to the plaintiff. In most cases, upon receiving such an offer, the plaintiff's attorney would need some time to communicate with his client before deciding whether to accept the offer, and the Code allows him days for that purpose. If then, the judgment may be entered for

an amount beyond the precise sum stated in the offer, it is not perceived why it may not be done in all cases where the clerk can ascertain from papers legitimately before him, the amount due, and for which the offer authorizes judgment to be entered.

In regard to the argument that the plaintiff is to file only the summons and complaint, with the offer and affidavit of acceptance, and that these would not enable the clerk to compute the amount for which judgment is authorized, the answer is, that in this case the answer and offer were served together, and the offer referring to the notes set forth in the answer, the latter may be regarded as part and parcel of the offer, and no objection is perceived to the plaintiff's filing both as constituting the offer.

Besides, when the plaintiff makes up his judgment roll, or when the clerk does it for him, the answer is to constitute a part of it. Section 281 of the Code, provides that in all cases other than where the complaint is not answered, the judgment roll shall consist of the summons, pleadings or copies thereof, and a copy of the judgment, with any verdict or report, the offer of the defendant, exceptions, case, and all orders and papers in any way involving the merits, and necessarily affecting the judgment. In the present case, the judgment roll should contain the summons, all the pleadings, the defendant's offer with the verdict and judgment.

Upon the whole, I am disposed to sustain the offer in this case, as being sufficient within the spirit and meaning of the Code. That being so, and the plaintiff having failed to obtain a more favorable judgment than the defendant offered to allow him to take, the defendant is entitled to recover his costs from the time of the offer, and to have the same set off against the plaintiff's recovery. That part of the motion which asks for an extra allowance of costs, is denied, for the reason that the facts shown by the defendant, do not tend to establish that the prosecution has been unreasonably or unfairly conducted.

The evidence goes to the question of the plaintiff's motives,

in purchasing the note on which the action is brought, and in commencing the action upon it, which are immaterial on this question.

There is nothing which tends to impeach the plaintiff in regard to the manner of conducting the prosecution after it was commenced. Besides, the right to ask for an extra allowance in a case of this kind, has been taken away since the argument by the recent amendments to the Code.[1]

The defendant is entitled to an order that he recover his costs accrued in the action since the offer was served, to be adjusted by the clerk of Ontario county, and that the same when so adjusted, be set off against so much of the recovery of the plaintiff in the action.

No costs of this motion allowed to either party as against the other.[2]

[1] This case was not decided until August, 1857.

[2] The above decision was affirmed on appeal, at the Monroe general term, in December, 1857.