# ROBERTS *vs.* CARTER.

The report of a referee should state the facts found, and the conclusions of law, separately.

Where the evidence, on a hearing before the referee, is conflicting, it presents a fair question for the decision of a referee; and it is a most salutary rule that the decision of a referee, upon a question of fact—especially of fraud—where there is evidence on both sides, and the point is not entirely free from doubt, cannot be disturbed.

Where it appears, when depositions are offered in evidence, that every reasonable effort has been made, to find the witnesses, to subject them to the process of subpœna; and there is every reason to suppose that they are out of the state, this is sufficient to authorize the reading of the depositions.

Where goods are sold by sample, and are represented to be of a specified quality, the rule of damages in an action for a breach of warranty, or for false representations, is the difference between the price obtained, on a resale, and that which would have been obtained had the goods been of the quality represented.

APPEAL from a judgment entered upon the report of a referee. The action was brought to recover of the defendant the loss and damages sustained by the plaintiff on account of certain false and fraudulent representations alleged to have

been made by the defendant, on a sale of liquors to the plaintiff; and upon a warranty on said sale; and for the defendant's neglect to furnish the plaintiff with a receipt or information, by means of which a certain kind of liquor or schnapps could be made, at a specified cost, equal in quality to Wolfe's schnapps, &c. The cause was referred to a referee, who reported, that he found that the defendant, on or about the 7th day of June, 1855, sold to the plaintiff 84 cases of an article known as royal Scheidam schnapps, alleged to be out on commission, and 139½ cases of the said royal Scheidam schnapps in store, at No. 5 William street, in the city of New York, all of which were sold by sample, and represented and agreed by the defendant to be of equal quality and proof with the sample, and equal in quality and proof to the article known as Wolfe's Scheidam aromatic schnapps, for which the plaintiff, relying upon the said representations and agreements of the defendant, paid the defendant the full value and price, as agreed, for schnapps of the quality and proof as represented by the defendant as aforesaid; and that, in truth and in fact, the said schnapps, both those out on commission and those on hand in the said store, were inferior in quality and proof to the said samples and the said Wolfe's aromatic Schiedam schnapps. That the defendant, for $388.13, paid by the plaintiff to him, promised and agreed that, immediately after such payment, he would furnish the plaintiff with a recipe or information, by means of which the plaintiff might manufacture a certain article known as royal Scheidam schnapps, equal in quality and proof to the article known as Wolfe's Schiedam aromatic schnapps; and that the said royal Schiedam schnapps made agreeably to the said recipe or information, were and would be equal in quality and proof to said Wolfe's schnapps. That the defendant has never given or furnished the plaintiff with such a recipe or information, but, instead thereof, named certain articles or materials and their relative proportions or quantities, and the mode of using them, which the defendant represented and alleged would make and constitute the royal

Schiedam schnapps of the quality and proof before stated, when, in truth, and in fact, the said materials named by the defendant do not produce, and cannot, in the proportions directed by the defendant, be made to produce the quality and proof of schnapps represented by the defendant. That the plaintiff has sustained damages, by means of the premises, to the amount of the difference between the price at which the schnapps, whether in store or out on commission or manufactured in accordance with the recipe or information given by the defendant, and actually sold by the plaintiff, would have sold for, in case they had proved equal in quality and proof to the samples aforesaid and to Wolfe's schnapps, as represented and agreed by the defendant, and the price at which they were, in fact and in good faith, sold by the plaintiff. That the plaintiff actually sold 205 cases of schnapps, either in store or out on commission at the time of the said sale, or made in accordance with the recipe given by the defendant to the plaintiff, all of which were inferior in quality and proof to Wolfe's schnapps and to the said sample; and that the difference between the price at which the said 205 cases might and would have been sold for, in case the quality and proof had proved equal so the said sample and to Wolfe's aromatic Scheidam schnapps, and the price for which they were actually sold, was $4 per case, making in all the sum of $820, for which sum the plaintiff was entitled to judgment against the defendant.

Three witnesses, William H. King, jun. Charles Potter and Frederick Smith, were examined conditionally, on the part of the plaintiff, pursuant to a stipulation. Their depositions being offered in evidence, before the referee, the defendant objected that there was not sufficient proof of the absence of those witnesses from the state. The plaintiff then introduced proof tending to show that King was a resident of Ohio, and had left the city for that state the week previous; that Smith was a resident of California, and had sailed for home in the next steamer after his testimony was taken; that Potter, also,

Roberts *v.* Carter.

was out of the state, and had gone to California. Also that the plaintiffs had attempted to serve subpœnas upon those witnesses. The referee refused to admit the depositions in evidence.

The defendant excepted to the report of the referee, on various grounds, and appealed from the judgment entered thereon.

*E. Terry,* for the appellant.

*John Fitch,* for the plaintiff.

*By the Court,* DAVIES, P. J. We think this case is not before us in proper form. The report of the referee should have stated the facts found, and the conclusions of law, separately. (*Otis* v. *Spencer,* 16 *New York Rep.* 610. *Hunt* v. *Bloomer,* 3 *Kern.* 341. *Johnson* v. *Whitlock, Id.* 344.)

Assuming that the referee had stated the facts correctly, we see what facts he has found, and with that finding we cannot interfere; unless it is clearly against the weight of evidence, or is in direct violation of some rule of law. (*Davis* v. *Allen,* 3 *Comst.* 168. *Murfey* v. *Brace,* 23 *Barb.* 561.) The latter case enunciates a sound rule, and one directly applicable to the present case. It is that when the evidence, as in this case, is conflicting, it presents a fair question for the decision of the referee; and it is well observed that it is a most salutary rule that the decision of the referee, upon a question of fact, especially of fraud, where there is evidence on both sides, and the point is not entirely free from doubt, cannot be disturbed.

The objection to the depositions of Potter and Smith, we think are not tenable; as the proof was quite satisfactory to show that when their depositions were admitted, there was every reason to suppose the witnesses were out of the state. Every reasonable effort had been made to find them, to subject them to the process of subpœna, and the proof was quite adequate to authorize the reading of their depositions.

The defendant sold to the plaintiff 84 cases of schnapps out

on commission, and 139 in store, which the referee has found as a fact were sold by sample, and represented to be of a quality equal to Wolfe's schnapps. That the plaintiff, sold 205 of these cases, or some others made in accordance with the recipe, how many does not clearly appear; and that the difference between the price obtained, and that which would have been obtained if the article had been of the quality represented, was $4 a case; and the referee allows to the plaintiff only on the 205 cases. We are unable to see why the referee did not allow for the 223 cases which were sold, and this would have increased the amount of the damages. We do not see that the defendant can complain of this.

Assuming that the referee has found the facts correctly, we see no error in the rule of damages adopted by him. As he has allowed no damages to the plaintiff by reason of the recipe not proving what it was represented to be, it is unnecessary to consider what was the effect and character of the representations of the defendant (if any) in respect to it.

The judgment should be affirmed, with costs.

[NEW YORK GENERAL TERM, November 4, 1858. *Davies, Clerke* and *Sutherland*, Justices.]