By the Court—Robertson, J.
The evidence of the condition of the casks in question being subsequently supplied; cured any error in refusing to dismiss the complaint for want of it. (Murray v. Judah, 6 Cow., 484, 499.)
The objection to the inquiry made of the master of the vessel, of his . opinion of the quality of the damaged casks was also properly overruled, because no ground was specified for.it. Proof of the.probable strength of such casks, in- view of their stowage and condition after the voyage was admissible in the cause. If the witness was incompetent to give the testimony,, by not being established to he an expert, the objection should have been put on that *577 ground; because the defect might have been remedied on the spot. (Doane v. Eddy, 16 Wend., 522.) In many, if not all cases, the nature or ground of an objection to testimony should be stated. (Jackson v. Hobby, 20 Johns., 357; Elwood v. Deifendorf, 5 Barb., 398; Ohio Insurance Co. v. Edmonstone, 5 Miller, 295.) Parties have no right to lie by until ah appeal before disclosing the ground of their objection. (Ward v. Whitney, 8 N. Y. R., [4 Seld.,] 442; S. C., 3 Sandf., 399; Roberts v. Carter, 28 Barb., 462; Sheldon v. Wood, 2 Bosw., 267; Union Bank of Sandusky v. Torrey, 2 Abbotts’ Pr., 271, note.) Where evidence is conditionally admissible, parties should be held to have waived the compliance with the condition, where they do not state a non-compliance with it as a ground of objection. The right of objecting is not given with a view of laying a trap for an adversary, but enabling a party to exclude all but the best evidence, if it can be had.
This view renders it unnecessary to discuss the questions, whether the master of a vessel, who has had seven years’ experience, is a judge of the strength of casks, or whether the prior interrogation of him by the objecting party, in reference to similar matters, is an admission of his competency.
The conversation between the stevedore and one of the defendants (Stern) was also properly excluded; the stevedore may have been the owners’ agent to stow the cargo, but this would not give him authority to admit away his rights, even in regard to such stowage; and if it was intended to prove any notice of anything peculiar about the casks, which required more "care in their stowage, the question was not sufficiently pointed.
It is difficult to understand for what purpose the condition of the entries in the port wardens’ office, in relation to the cargo in question, was introduced. The defendant himself introduced a copy of the survey in evidence, reserving the right of producing the original as to the last two lines. He next attempted to prove by Hutchinson that those two lines were added after the survey *578 was made out. I am at a loss to understand how the addition of such statement after a prior admission of it, affected the witnesses’ testimony. He did not testify by the survey, but independently of' it; his omission in making a memorandum, therefore, of a fact, would not shake his oral testimony of its occurrence, and still less would tend to disprove it.
The weight of testimony was against the ability of the casks to resist the pressure and straining, incident to. a voyage. The examining port warden and the master thought they were unable to do so. The defendant Stern, and the cooper, thought they were strong, but how strong did not appear, and another .witness thought that they looked in good condition when put on board.. The verdict of the Jury on that question ought not to be disturbed.
The judgment and order denying a new trial should be affirmed with costs.
Judgment accordingly.