Ingraham, P. J.
The referee should state the findings of fact and conclusion of law in his report. It would deprive the party of his right to except, if the judgment was to be entered before the findings of the referee are made public. The law requires him to except within ten days after judgment is en *25 tered. notice served, If the findings are not inserted in the report, and judgment is entered without them, the plaintiff might, by giving notice of the judgment and delaying the action of the referee, deprive the other party of their power of excepting within the ten days. (28 Barb., 462.) The 32d rule requires the finding to be in the decision.
II. Appeal from taxation of costs.
The plaintiff presented to the clerk a full bill of costs, amounting to over $400, which he claimed to have adjusted and included in the judgment. The defendant produced a copy of the offer of judgment with proof of service, and showed, by computation, that the amount offered, with interest added to July 26, I860, the date of the report, would be $1,185.26, being an excess of $101.36 over the sum reported, and claimed that the plaintiff was only entitled to costs up to the time of the offer. It was also claimed that the defendant was entitled to costs of the action, subsequent to the offer.
The clerk refused to adjust the defendant’s costs, but adjusted those of the plaintiff at the full amount claimed, alleging that he was bound by the report of the referee, who had reported in favor of the plaintiff, with costs of the action. The defendant appealed from the taxation of plaintiff’s costs, and, on an affidavit showing the above facts, moved for an order directing the clerk to adjust the defendant’s costs subsequent to the offer, and to cause the proper entries awarding those costs to be inserted in the judgment roll.
J. S. Carpentier, for the motion.
The plaintiff, having “ failed to recover a more favorable judgment” than that offered by the defendant, is not only barred of his costs subsequent to the offer, “ but must pay the defendant’s costs from the time of the offer.” (Code, § 385 ; Schneider v. Jacobi, 1 Duer, 694; Kilts v. Seeber, 10 How. Pr., 270 ; Budd v. Jackson, 26 How. Pr., 398; Burnett v. Westfall, 15 How. Pr., 420.)

John O. Robinson,

opposed, produced the certificate of the referee that the offers of judgment had been submitted to him, *26 and had been considered by him in awarding costs to the plaintiff; that the interest on the sum offered, $984. 94, from the 1st Sept., 1862, to the date of the offer, Dec. 13, .1862, amounted to $19.72, making the total $1,004 66 ; and that, having reported $1,083.90 due the plaintiff, he had also awarded costs to him.
*25 At any rate, no injury can arise from requiring the referee now to make a special report.
Motion granted ; costs to abide the event.
*26 An offer of judgment does not carry interest beyond the time of the offer, and is not, in that request, like a verdict or report of referees. (Code, § 310.) Having obtained a report for more than the offer amounted to, with interest to the date of the offer," the plaintiff has recovered a more favorable judgment, and is entitled to the costs of the action.
Mr. Carpentier, in reply.
The referee had nothing to do with the offer of judgment. It was not properly before him, and the plaintiff’s counsel had no right to submit it to him, for' any . purpose. Hot having been accepted, as provided by the Code, it was deemed withdrawn. It could not thereafter be offered in evidence, and was only available, in the event of a claim by the defendant for costs. Besides, the referee’s principle of computation was wrong. • Had the plaintiff given notice of the" acceptance of the offer, he might have entered judgment at any time. • There is nothing in the statute requiring him to act upon it promptly, except to give notice of acceptance, anymore than upon a verdict or a referee’s report. He might have kept it in his desk until* the 26th day of July, 1865, and then entered judgment for $1,185.26, with costs to the time of the offer. He" has forced the defendant to incur large expenses to resist an unjust claim, and it is but right he should pay them.
Ingraham, P. J.
On the 13th day of December, 1862, the defendant offered to allow the plaintiff to take judgment for $984.94, with interest from 1st September, 1862. The plaintiff did not accept the offer, but went on with the action, and on the 26th July, 1865, obtained a report for $1,083.90. If the plaintiff had accepted the defendant’s offer, and entered up his judgment in December, 1862, for the amount offered, the judgment would have been entered, and the amount, in July, 1865, with interest added, wmuld have exceeded $1,150. It is very clear, therefore, that if the plaintiff had acted on the offer, he would have recovered more than he has now.
It is objected by the plaintiff that the offer does not carry *27 interest until the judgment is entered up. . Even conceding this to be so (which I do not admit), still the plaintiffs should have accepted the offer and entered up his judgment.
If he may let his action remain quiet, and does not proceed with it for a year or two, the whole object of the law would be defeated, by adding the' interest to the claim, and thereby making it larger than it was when the offer was made. Such was not the intent of the law. The true inquiry is, whéther the amount recovered, deducting the interest, is more, than the defendant admitted in his offer. The referee has nothing to do with the question of costs.
The motion must be granted.
Order accordingly.