CHARLES FRAZIER AND FRANK WILLIAMS, APPELLANTS, *v.* ALEXANDER GIBSON, RESPONDENT.

*Pleadings in Justice' Court—defect of parties plaintiff, how it must be taken advantage of—cannot be raised under general denial.*

This action was brought in a Justice's Court to recover upon a claim originally held by one Bogart against the defendant, and by Bogart transferred to the firm of L. S. Lawrence & Co. This firm was composed of the plaintiffs and L. S. Lawrence. Upon the trial, defendant moved for a nonsuit, on the ground that L. S. Lawrence should have been named as a plaintiff.

*Held,* that the motion was properly denied; that the objection to the non-joinder of proper parties plaintiff should have been taken by answer; and, not having been so taken, was waived. (TAPPAN, J., dissenting.)

Sections 144, 147 and 148 of the Code are, by subdivision 15 of section 63, made applicable to justices' courts. (TAPPAN, J., dissenting.)

APPEAL from a judgment of the County Court of Ulster county, reversing a judgment of a Justice's Court in favor of the plaintiffs. The action was brought upon a claim against the defendant, held by one Bogart, and by him assigned to the firm of L. S. Lawrence & Co., which was composed of the two plaintiffs and L. S. Lawrence. The defendant moved, in the Justices' Court, for a nonsuit, on the ground that Lawrence should have been named as a plaintiff, which motion was denied and judgment rendered in favor of the plaintiff, which was reversed on appeal to the County Court.

The defect of parties plaintiff did not appear on the face of the complaint, which alleged that " A. W. Bogart has assigned, sold and transferred the claim and account thereof to the plaintiffs, who are the owners thereof." The answer did not set up the nonjoinder of L. S. Lawrence as a party plaintiff.

*William Lounsbery*, for the appellants. The motion for a nonsuit was properly denied as respects the question of parties. (*Zabriskie* v. *Smith*, 13 N. Y., 322; 1 Saund., 251, 291, note 9 and note *n; Gilbert* v. *Dickerson*, 7 Wend., 451; Code, § 144, sub. 4, and §§ 147, 148; *Gardener* v. *Clark*, 6 How. P. R., 449; *Cook* v. *Ferrals*, 13 Wend., 285; 67 N. Y., 48; 5 Hun, 595; *Palmer* v. *Evertson*, 2 Cowen, 417; *Trips* v. *Riley*, 15 Barb., 333; *Osburne* v. *Gilbert*, 52 Barb., 158, and *Clapp* v. *Graves*, 26 N. Y., 418.)

*Charles A. Fowler*, for the respondent. L. S. Lawrence should have been joined as party plaintiff, and this omission was ground of nonsuit. The defect did not appear on the face of the complaint, and could not, therefore, be taken advantage of by demurrer or answer. (*Gates* v. *Ward*, 17 Barb., 424; *Webster* v. *Hopkins*, 11 How. Pr., 140; *Gilmore* v. *Jacobs*, 48 Barb., 338; *Dob* v. *Halsey*, 16 Johns, 34; *Armine* v. *Spencer*, 4 Wend., 406, 409; 2 Wait's Law and Practice, p. 276.)

LEARNED, P. J.:

The cause of action was assigned to a partnership, consisting of three partners. This action was brought in the name of two of them. The non-joinder does not appear in the complaint, and is not set up in the answer.

The Code of Procedure, section 144, subdivision 4, permits a defendant to demur for defect of parties, if such defect appears in the complaint. If it does not appear on the face of the complaint, he must take the objection by answer. Otherwise it is waived. (§§ 147, 148.) Hence, if the cause of action be in several parties, a less number than the whole may recover, unless the defendant chooses to set up the non-joinder as a defense in his pleading.

Section 64, subdivision 15, of the Code makes the provisions "respecting parties" to actions applicable to justices' courts.

It seems to me that sections 144, 147 and 148 above cited do respect parties to actions. For, under the old practice, the joinder of all proper parties as plaintiffs in actions *ex contractu* was necessary. Else, on the trial, the plaintiff might be nonsuited, because he had not proved the contract which he had alleged. Now, non-joinder is only a matter of affirmative defense.

Again, in justices' courts, as well as in courts of record, the Code established a new system. The old forms of action and of pleading are abolished, and simpler forms are adopted. It is not necessary that we should retain the rules of the old practice, unless they are in harmony with the new. One reason for the rule that, in actions *ex contractu*, the plaintiff, on the general issue, might be nonsuited at the trial for non-joinder, was that causes of action were generally not assignable. Hence the plaintiff was always the original party to the contract. If, then, there was a non-joinder, the proof would show a different contract, as to parties, from the allegations of the declaration. Now, causes of action are generally assignable. And we may see in the present case that the contract is proved according to the allegation. The only defect is that the complaint alleges an assignment of it to two persons. In fact, it was assigned to them; but to another, also.

Again; there is no reason why, on this point, a new and convenient rule should be established by the Code as to courts of record, and the old and mischievous rule should be allowed to remain in justices' courts. In such matters, the practice in the two classes of courts should be similar, unless the contrary intent is plain from the Code. An appeal may be taken in many cases and a new trial had in the County Court on the same pleadings; and it is desirable, therefore, that pleadings should be substan-

tially construed in the same way in justices' courts as they would be in a case originally brought in the County Court. If the defendant in a Justice's Court desires to insist on the defense of non-joinder of parties plaintiff, he can set this up in his pleadings. I do not think that he should be allowed to take advantage of such a defense under a mere general denial. He can, in fact, seldom, if ever, be injured by the non-joinder. If he means to insist upon it, he should notify the plaintiff by pleading, as he must do in a court of record.

In *Rice* v. *Hollenbeck* (19 Barb., 664), it was held that, as the defect of parties plaintiff in a Justice's Court appeared in the complaint, the defendant might take advantage of this on a motion for a nonsuit. I cannot agree with that view, although it is not the present case. The opinion in that case implies that the defendant could not have demurred successfully, because, in fact, the complaint contained a cause of action. To say that the complaint contained a cause of action seems to me inconsistent with the decision that that plaintiff should have been nonsuited. On the trial, the plaintiff proved the very facts which were set up in his complaint. If the complaint contained a cause of action, then the plaintiff proved a cause of action on the trial, and should not have been nonsuited. On the other hand, if, upon proof on the trial of the facts stated in the complaint, the plaintiff ought to have been nonsuited, then the complaint could not have stated a cause of action. In other words, if a defect of parties plaintiff appearing on the trial be a ground of nonsuit, such defect appearing in the complaint must be ground of demurrer.

In my opinion, the justice in the present case was right in refusing to nonsuit. The judgment of the County Court should be reversed, and that of the justice affirmed, with costs.

TAPPAN, J. (dissenting):

This is an appeal from a judgment of the Ulster County Court, reversing a judgment of a Justice's Court in that county in favor of the appellants, rendered September 16, 1876, for $39.90 damages and costs.

On October 20, 1871, one Adam W. Bogart, a lithographer residing in the city of New York, applied to the defendant, a soap

manufacturer at Kingston, at his soap works in that city, in relation to lithographing his business card on tin. The defendant and his son, R. A. Gibson, were present. Defendant then executed and delivered to said Bogart, the following paper, viz:

"KINGSTON, Oct. 20, 1871.

"I agree to pay A. W. Bogart twenty-five dollars, for lithographing my business card on one hundred metal plates, size 10x14.
                                          "A. GIBSON,
                                    "PER A. GIBSON.

"Order should be written in ink. It is distinctly understood that orders cannot be countermanded under any circumstances."

The evidence justified the jury in finding that the written order, which gave the defendant's name, business and place of business, was filled up by defendant's said son, in his presence, at the time the contract was made.

The order gave the place of business as No. 11 North street, Kingston, N. Y.; it was actually "North Front street." Defendant's said son was at the time last mentioned in his employment as bookkeeper.

Bogart performed the contract by lithographing the required number of metal plates, according to such memorandum, and sent the same to defendant, who refused to receive and pay for them.

Before the commencement of this action, Bogart executed a written assignment to L. S. Lawrence & Co. In the assignment Bogart designated his claim as "note against Alex. Gibson," and under caption "amount of account," was written "$25." As Bogart, defendant and his son were examined as witnesses upon the trial, and no claim was then made that any note or other instrument was executed in reference to the work in question, or that defendant owed Bogart on any account, note or claim when the assignment was made, except under such agreement, it may be safely assumed that there was *actually* no note given, and that the claim intended to be transferred was Bogart's claim under the written agreement, which was in such assignment incorrectly designated a note.

L. S. Lawrence & Co., as appeared by the evidence of Bogart

by his cross-examination on the trial, at the time of the assignment and trial were bankers in New York city. The firm was composed of the plaintiffs and L. S. Lawrence, then in Europe.

Plaintiffs' complaint alleges the assignment of the claim to the plaintiffs. The defendant's answer contains a general denial, alleges non-performance of the contract, but does not plead the non-joinder of Lawrence as a party plaintiff.

When plaintiffs rested, and at the close of all the evidence given at the trial, defendant moved for a nonsuit on the ground that the plaintiffs had failed to show title to the cause of action in themselves, and had failed to make out a cause of action in their favor against defendant. The justice denied the motion and gave judgment in favor of the plaintiffs for the amount of the claim and interest. The Ulster County Court reversed this judgment on appeal. We are not furnished with the reasons of the court below for its judgment.

It is claimed on behalf of the defendant that L. S. Lawrence should have been joined as a party plaintiff, and this omission was a ground of nonsuit; that the defect did not appear on the face of the complaint, and could not, therefore, be taken advantage of by demurrer or answer.

If the action had been pending and tried in a court of record, as it did not appear in the complaint that there was a defect of parties plaintiff, defendant would have been required to plead the non-joinder in his answer, and could not take such point for the first time at the trial. (See section 148, Voorhies' Code Notes a. & b., and cases there cited; *Simar* v. *Canaday*, 53 N. Y., 298; *Fuller et al.* v. *Fuller*, 5 Hun, 595.) Section 8 of the Code of Procedure does not in terms make the provisions of sections 144. 147 or 148 applicable to justices' courts.

It becomes necessary, therefore, to consider how, under the old system of procedure in these courts, the question could be raised that there was a defect of parties plaintiff, and how far the Code has changed the old method of procedure.

Prior to the enactment of the Code, the order of pleading at common law was well established. The defendant could plead: First. To the jurisdiction. Second. In abatement. Third. In bar. Pleading in either class was an admission that there was no

ground for pleading in the preceding classes, and a waiver of the right to do so. (Gra. Pr. [2d ed.], 224.) And this doctrine was applied in justice's courts. (*Palmer* v. *Green*, 1 Johns. Cases, 101; *Palmer* v. *Evertson*, 2 Cow., 417; *Cook* v. *Ferral's adm'r*, 13 Wend., 285.)

Under the old practice, the non-joinder of parties as plaintiffs in actions *ex contractu*, could be taken advantage of by plea in abatement, or *defendant might avail himself of it under the general issue, as a ground for nonsuit at the trial.* (Archb. Pr., 60; Gra. Pr., 62.)

In courts of record, defect of parties since the Code, may be set up in the answer with other matters of defense. (*Bridge* v. *Payson*, 5 Sand. [S. C. R.], 210; *Mayhew* v. *Robinson*, 10 How. Pr., 162). In *Tripp* v. *Riley* (15 Barb., 333), a case in Justice's Court, decided in 1853, it was held that one tenant in common could maintain an action against a stranger for a conversion, and recover his separate interest, when the misjoinder was not pleaded in abatement. The court, for authority, referred to decisions made before the Code, without noticing the changes made by it.

In *Rice* v. *Hollenbeck et al.* (19 Barb., 664), decided in 1855, the court held that the defendant might raise the objection in Justice's Court on motion for a nonsuit, that the plaintiff is tenant in common with another in the property in question when the defect of parties appears *upon the face of the complaint*, and the plaintiff bases his claim to recover for a portion of the value of the property upon the ground that he is joint owner thereof with another person. That action was for a *tort.* In such case, the defect which was considered, could have been raised under the old practice by plea in abatement only; the rule being different in such action than in actions *ex contractu*.

The Code of Procedure has, as was said by Judge MASON in the case last cited, provided a distinct system of pleadings for Justices' Courts. (Code, § 64.)

The only ground of demurrer in these courts is, that the pleading is not sufficiently explicit to enable the adverse party to understand it, or that it contains no cause of action or defense, although it be taken as true. No demurrer is allowed for a defect of parties where there is a good cause of action stated in the com-

plaint. The answer may contain a denial of the complaint, and a notice of any facts constituting a defense. The system prescribed by this section is inconsistent with the old practice, which prescribes the order of pleas; under the present system, all matters constituting a defense are to be raised in some form by the answer.

The Code has not undertaken to define what defenses may be proven on the trial under a general denial, or what defenses must be specially set forth in the answer. This is to be determined by the settled principles of pleading, which existed, before and have continued since the Code, and are applicable to all courts of common-law jurisdiction.

Generally, facts tending to prove that plaintiff never had a cause of action, could be proven before or since the Code under a general denial; and matters in avoidance, like a discharge in bankruptcy — the statute of limitation — payment and release were required to be specially pleaded.

The question, that there was a defect of parties plaintiff, could have been raised under the general denial of the answer, without being specially pleaded, under the old system. There are no provisions in the Code or statutes applicable to justice's courts, requiring it to be specially set up in the answer or that it will be waived.

We are satisfied that the motion for a nonsuit raised the question properly, and that the motion ought to have been granted. (2 Wait's Law and Practice, 276.) The form in which the motion was put, in connection with the testimony given, sufficiently disclosed to plaintiffs that defendant claimed that they had not shown title to the claim in suit in themselves, but in themselves and in L. S. Lawrence, and had therefore, failed to make a cause of action in their favor.

Judgment of the County Court should be affirmed, with costs.

Present — LEARNED, P. J., BOARDMAN and TAPPAN, JJ.

Judgment of County Court reversed, and that of Justices' affirmed, with costs.