## DOUD v. DONNELLY.

*(Supreme Court, General Term, Fifth Department. January 24, 1891.)*

1. WITNESS—IMPEACHMENT—CONTRADICTORY WRITTEN STATEMENTS.
   The rule that, before a witness can be impeached by showing that he made statements on material points in conflict with his evidence, his attention must be directed to the time and place those statements were made, does not apply where the inconsistent statements are written; but in such case it is sufficient to show or read the paper to the witness.

2. APPEAL—QUESTION REVIEWABLE.
   Where only the judgment is appealed from, no motion for a new trial having been made, nothing is reviewable but the exceptions.

Appeal from circuit court, Livingston county.

Action by James Doud against Peter J. Donnelly for personal injuries. Judgment was entered on a verdict for plaintiff, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

J. A. Van Derlip, for appellant.   C. J. Bissell, for respondent.

CORLETT, J.   On the night of March 14, 1888, the plaintiff, after drinking to some extent, went into the defendant's saloon in Dannsville, where he found several men engaged in talking and drinking. A scuffle ensued between one of the men and himself. The defendant thereupon came from behind the bar, used considerable violence, and threw him into the street. The plaintiff's shoulder was broken, and he claimed to have been otherwise injured. This action was brought to recover damages for the alleged injuries. The answer put in issue the material allegations in the complaint, and also set up that the defendant was simply engaged in preserving order, using no unnecessary violence. The action was tried in November, 1889, before a justice and jury, which found a verdict in favor of the plaintiff for $275, upon which judgment was entered, and the defendant appealed to this court. No motion for a new trial was made.

The learned counsel for the appellant claims that the verdict was clearly against the weight of evidence, and that a new trial should be granted on that ground. The plaintiff's evidence tended to show that, before the defendant seized him, he was not ordered to leave the saloon, and did not have an opportunity to do so, and that a violent attack was made upon him by the defendant without any justifiable cause. The defendant's evidence strongly tended to show the reverse. The evidence as to whether the defendant forcibly ejected the plaintiff from the saloon without giving him an opportunity to escape was controverted by the defendant. The whole evidence was so conflicting as to require its submission to the jury. The appeal being only from the judgment, no motion for a new trial having been made, nothing is brought up for review except the exceptions. *Bostwick* v. *Barlow*, 14 Hun, 177; *Klapka* v. *Order Germania*, 7 Wkly. Dig. 197; *Robertson* v. *Brink*, 13 Wkly. Dig. 109. The question, therefore, as to whether the verdict was against evidence is not before this court.

The defendant was examined as a witness in his own behalf. On his cross-examination he was asked: "Did you sell whisky without a license?" The defendant's counsel objected to the question as immaterial. The objection was overruled, and exception taken. The witness declined to answer. He was then asked, "Have you been convicted for selling liquor without a license?" This question was not objected to. He answered in the affirmative. The question objected to elicited no evidence. The other was not objected to. If it had been, it would have been answered in favor of its admission by section 832 of the Code of Civil Procedure.

Edmund Hoffman was examined as a witness on behalf of the defendant. He testified to what he claimed occurred between the plaintiff and defendant at the time of the alleged injuries. On his cross-examination he was shown

Exhibit No. 1, which is an affidavit sworn to by the witness on the 17th day of May, 1888, purporting to be his statement of what occurred during the struggle between the plaintiff and defendant in the saloon. The witness admitted the signature to the affidavit, and it was marked for identification. Daniel H. Gilroy was also sworn as a witness for the defendant, and gave his account of what occurred between the plaintiff and defendant during the struggle between them. On his cross-examination he was shown Exhibit No. 2, which was an affidavit sworn to on the same day as Exhibit 1, also purporting to be an account of what occurred between the parties during the struggle, and which was identified by the witness. Afterwards the plaintiff offered those affidavits in evidence, evidently for the purpose of contradicting the witnesses. The defendant's counsel objected to those exhibits being read in evidence, "except the part to which the attention of the witnesses had been called." It is the rule that witnesses may be impeached by showing that they made statements on material points in conflict with their evidence; but before this can be done it is necessary to direct the attention of the witness sought to be contradicted to the time and place those statements were made. *Hart* v. *Bridge Co.*, 84 N. Y. 56; *Gorgen* v. *Balzhouser*, 2 Wkly. Dig. 529. But the rule is otherwise where the witness makes a written statement. In *Romertze* v. *Bank*, 49 N. Y. 577, the rule is stated thus: "Where a party proposes to impeach a witness by proving inconsistent written statements, it is sufficient to show the witness or read to him the paper, and, if its genuineness is admitted, the party can introduce it when he has the case and the right to put it in evidence; and it is not the legal right of the other party or the witness to enter into any explanation of the contents of the paper until after it has been introduced in evidence." To the same effect is *People* v. *Taylor*, 43 Hun, 419. The learned counsel for the appellant claims that the paper in the *Romertze Case* was admissible *per se*, as it contained the evidence of the witness sought to be contradicted, taken *de bene esse*. This position cannot be maintained. Section 882 of the Code of Civil Procedure is as follows: "But such a deposition, except that of a party taken at the instance of an adverse party, or a deposition taken in pursuance of a stipulation, as prescribed in this article, shall not be so read in evidence until it has been satisfactorily proved that the witness is dead, or is unable personally to attend by reason of his insanity, sickness, or other infirmity, or that he is confined in a prison or jail." Section 879 provides for a deposition by stipulation, which has no application to this case. In the *Romertze Case* the witness was called by the defendant, and testified on the trial. The evidence taken out of court, therefore, was not admissible, and the decision was placed on no such ground. It was always the rule that evidence taken *de bene esse* could not be read as original evidence if the witness was present, or could by diligence be procured. *Fry* v. *Bennett*, 4 Duer, 247; affirmed 28 N. Y. 325; *Donnell* v. *Walsh*, 6 Bosw. 621–626; *Roberts* v. *Carter*, 28 Barb. 462; *Plyer* v. *Insurance Co.*, 121 N. Y. 689, 24 N. E. Rep. 929; *Jackson* v. *Perkins*, 2 Wend. 308; 2 Wait, Pr. 668–670. In the *Romertze Case* the ground of the decision is clearly stated on page 581, as follows: "The proper time for explanation is after the paper has been read, and that, as we have seen, is when the party proposing to offer it can introduce evidence on his part, and the attention of the witness is sufficiently called to it, in the first instance, by showing it to him, and giving him an opportunity to know what it is, and his admitting or denying its authenticity." No suggestion was made in that case that there was or could be any distinction between a deposition and any other writing. The same is true of the *Taylor Case*. In the case at bar the defendant assumed that the witnesses to whom the affidavits were shown had full opportunity to examine them, and that they were genuine, for the objection is placed on the sole ground that no part could be read except that portion to which the attention of the

witness had been called.    All other grounds of objection, under the familiar rule, were waived.    But there were no others which could have availed the defendant, if taken.    In the case at bar each of the witnesses who had made affidavits was sworn, and fully examined as to what occurred.    On cross-examination, each admitted the genuineness of his affidavit, and that it was made by him.    Both of the affidavits purported to cover the same questions upon which the witness had been fully examined on the trial.    The plaintiff's counsel claimed that those affidavits contradicted, or were inconsistent with, the testimony given on the trial.    They were evidently offered in evidence for the purpose of contradicting the witnesses.    The defendant's counsel understood this purpose of the offer, as the ground of his objection shows. The cases above cited are decisive against the defendant on this question. The affidavits were properly admitted.    The defendant had a full opportunity, after they were read, to show any facts or circumstances which would have proved, or tended to prove, that there was no conflict between them and the testimony of the witnesses on the trial.    There was no error in the charge of the court.    The judgment must be affirmed.

MACOMBER, J., concurs.    DWIGHT, P. J., not voting.