(43 App. Div. 602.)

AMSTERDAM ELECTRIC LIGHT, HEAT & POWER CO. v. RAYHER.

(Supreme Court, Appellate Division, Second Department.    October 10, 1899.)

ACTION IN JUSTICE COURT—NONJOINDER OF PARTIES—WAIVER OF DEFECT—
    AVAILABILITY ON MOTION FOR NONSUIT.
        The Code of Civil Procedure being silent as to a change in the rule
    requiring a plea in abatement to a nonjoinder of parties in an action in
    justice court, unless the nonjoinder is presented by such a plea, it will
    be deemed to be waived, and the defect is not available on a motion for
    nonsuit.

Appeal from municipal court of New York.

Action by Amsterdam Electric Light, Heat & Power Company
against Jacob C. Rayher.    Plaintiff was nonsuited, and it appeals.
Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT,
HATCH, and WOODWARD, JJ.

L. Bedell Grant, for appellant.
K. C. McDonald, for respondent.

HATCH, J.    The contract which furnishes the basis of this ac-
tion, and which was made a part of the complaint, was executed by
Frey & Rayher.    The liability of these parties was therefore joint,
and the action, properly brought, should have been against both.
The plaintiff made Rayher only a party defendant.    He answered,
admitting the allegations of the complaint averring liability against
him alone.    At the conclusion of the proof, which established a joint
liability, the defendant moved for a nonsuit based upon such ground.
The court granted the same, and dismissed the complaint.    Error is
predicated of this ruling.

The liability of a partner is absolute for the whole amount of the
partnership debt, and an execution, joint in form, may be enforced
against the property of one only.    Oil Co. v. Hubbell, 76 N. Y. 543.
While the failure to join a co-partner constitutes a nonjoinder of

parties, yet, if no objection be made, judgment may properly pass against the partner made a party. Decker v. Kitchen, 2 Civ. Proc. R. 111. This action was brought in the municipal court, and, by section 1369 of the Greater New York charter, the same rules of pleading are made applicable as obtain in a court of a justice of the peace. In such court, how must the nonjoinder of parties plaintiff be raised? This is the question requiring answer. Before any of the Codes were adopted, advantage could only be taken of the omission to join persons in an action, jointly liable, by plea in abatement (Bradish v. Schenck, 8 Johns. 151); and a nonsuit, in the absence of such plea, was improper (Brotherson v. Hodges, 6 Johns. 107). After the adoption of the first Code, it was held that, if the defect of parties appeared upon the face of the complaint, it was available upon a motion for nonsuit. Rice v. Hollenbeck, 19 Barb. 664. This ruling proceeded upon the ground that, as the former plea in abatement was to be first tried, and was waived if the pleading was to the merits, and the Code having provided that the answer should be a denial with notice of facts constituting a defense, as the fact appeared upon the face of the complaint a notice would be superfluous, and the defect could be made available under the denial upon a motion for nonsuit. The direct contrary was held in Abbe v. Clark, 31 Barb. 238. No mention was made of the Rice Case in the latter case, but its ruling was based upon Zabriskie v. Smith, 13 N. Y. 322, and upon a construction of the Code provision which was the subject of review in the Rice Case. As to the authority, the case arose in a court of record, and the pleading was always different in this respect, under the Code, from that applicable to justices' courts. As to the construction of the Code provision, the reasoning and result are directly antagonistic. The later decision seems, both in reason and by authority, to be the best supported; for, as Mr. Justice Larned pointed out in Frazier v. Gibson, 15 Hun, 37, the ruling which nonsuited the plaintiff after he had proved a cause of action was inconsistent, because, if he had a cause of action which he proved he should prevail, and the court there reached the conclusion that the defect of nonjoinder must be taken by answer or it would be waived. Under the section of the Code as it existed when the Rice Case was decided, notice only was to be given of facts constituting a defense; but as the defendant had notice of the defect when he pleaded, and as a good cause of action was stated if the defect was waived, it would seem to work no harsh result to hold that the defendant, by failing to give the notice of intention to raise the question, thereby intended to waive it, and litigate the questions involved upon the merits. If it were otherwise under the present Code (section 2938), the answer is required to set forth the new matter constituting the defense. The conclusion would therefore seem to be that, at common law and under the old Code, nonjoinder of parties in a justice's court must be presented by plea in abatement, or it will be deemed to be waived. We are now to see what the rule is under the present Code. By section 2935, the pleadings of the defendant may be an answer or a demurrer. The answer may be a denial or new matter or both. Section 2938. The demurrer is authorized when the complaint is not sufficiently ex-

plicit to be understood, or where it does not state facts sufficient to constitute a cause of action. So far as the demurrer is concerned, its grounds are the same as were contained in the old Code (section 64, subd. 6). Nonjoinder of parties is not made, under the present practice, a ground of demurrer, and it is beyond dispute that the present pleading was sufficiently explicit to be understood, and stated a cause of action. No demurrer could therefore be successfully interposed. As there could be no demurrer, and no plea in abatement was interposed, it would seem that the objection was waived. We should deem this all that is necessary to be said upon this subject, were it not for the fact that Mr. Waite, in his Law and Practice in Justices' Courts (volume 3, page 80), states that the Code has not attempted to define what defenses may be proven under a general denial, and that no Code provision requires a defect of parties to be specially pleaded. The inference which arises is that the defect may be raised, even though no pleading presents it. It is clear that, as the Code has not assumed to add any force to a general denial beyond that which it possessed at common law, it possesses no greater efficacy now than it did then, and, as it was held insufficient for such purpose then, so it should be now. The Code only changes the practice of former times so far as its terms indicate, either by express provision or by necessary or fair construction. If the rule which required a plea in abatement was intended to be changed by the Code, it must have so said, else the rule will remain the same, and, as the Code is silent in this respect, we must conclude that the former practice was not changed. The cases which are cited in the text of Mr. Waite, which uphold the right to raise nonjoinder of parties by motion for nonsuit, must be held to be overruled by the later decisions which we have cited, and by the present Code provisions. It follows from these views that the motion for nonsuit was improperly granted, for which reason the judgment should be reversed.

Judgment reversed, and new trial ordered to be had in the same district in which the action was tried, costs to abide the event. All concur.