DANIEL H. BENNETT and Another, Appellants, v. FRANCES S. DRAPER, Respondent, Impleaded with Others, Defendants.

*Bond — continuing security for a firm — change in its membership — construction of words '' successors or assigns'' — the earlier parts of the instrument govern.*

A bond provided, in its first clause, that the obligors (the firm of Draper & Co. and a surety) were held and firmly bound to Bennett & Co. in a sum mentioned therein, to be paid to the said Bennett & Co., "their successors or assigns;" its second clause recited that the firm of Draper & Co. expected from time to time to borrow money of Bennett & Co., and were desirous of giving them a continuing security for any moneys that the firm then owed, or thereafter should owe, said Bennett & Co., "their successors or assigns," not exceeding a fixed sum, the condition of the bond was that if the obligors should pay to the obligees, "their successors or assigns," all sums, not exceeding the amount fixed, which should at any time be due or owing from the ·firm to the obligees for or on account of any loans made them by Bennett & Co., "their successors or assigns," then the obligation was to be void. At the close there was a covenant that the bond should not be construed to require the obligees, "their successors or assigns," to allow the indebtedness of the firm to reach the fixed sum or to require the obligees, "their successors or assigns," to make any loan whatever to the firm.

A partner of the firm of Bennett & Co. died and a new partner was taken in, and the new firm loaned money to the firm of Draper & Co.

In an action brought upon the bond to recover the money thus loaned the surety demurred to the complaint.

*Held,* that the demurrer was well taken.

That it was apparent, from the clauses preceding the condition, that the intent of the bond was to secure the advances which Bennett & Co., as that partnership was constituted when the bond was delivered, should make to the firm of Draper & Co., and to bind the obligors to repay those advances either to Bennett & Co., as it then existed, or to its successors or assigns, legally entitled to demand and receive the same.

That it was not intended to cover loans made by Bennett & Co. after that firm had taken in a new partner.

That, in the construction of an instrument of this character, the earlier parts govern.

APPEAL by the plaintiffs, Daniel H. Bennett and Hiram C. Bennett, from an interlocutory judgment, entered in the office of the clerk of the city and county of New York on the 20th day of April, 1890, in favor of the defendant Frances S. Draper, sustaining her demurrer interposed to the complaint.

*J. Wolsey Shepard,* for the appellants.

*George A. Strong,* for the respondent.

DANIELS, J. :

The ground upon which the defendant's liability was asserted in this action was a bond executed by her as a surety in January, 1881. And this is a copy of that bond :

" Know all men by these presents : That we, John H. Draper and George T. Kellock, composing the firm of John H. Draper & Company, of the city of New York, as principals, and Frances S. Draper, of the same place, widow, as surety, are held and firmly bound unto H. C. Bennett & Company in the sum of forty thousand dollars lawful money of the United States of America, to be paid to the said H. C. Bennett & Company, their successors or assigns; for which payment, well and truly to be made, we bind ourselves, our heirs, executors and administrators, jointly and severally, firmly by these presents.

" Sealed with our seal and dated the 15th and 28th days of January, in the year one thousand eight hundred and eighty-one.

" Whereas, the said John H. Draper & Co., have borrowed and expect, from time to time, to borrow divers sums of money from

the said H. C. Bennett & Co., and are desirous of giving to H. C. Bennett & Co. a continuing security for any moneys that the said firm of John H. Draper & Co. now owes or shall at any time owe said H. C. Bennett & Co., their successors and assigns, not exceeding the sum of twenty thousand dollars at any one time, and said H. C. Bennett & Co. having required said firm of John H. Draper & Co. to furnish such security.

" Now, the condition of this obligation is such that if the above bounden obligors, their heirs, administrators or executors, shall well and truly pay or cause to be paid to the above named obligees, their successors or assigns, all sums and every sum of money not, however, exceeding in the aggregate the sum of twenty thousand dollars, which shall at any time be due or owing from the said John H. Draper & Co. to the said obligees for or on account of any loans or advances made or any credit granted by the said obligees, their successors or assigns, to the said John H. Draper & Co., then the above obligation to be void, otherwise to remain in full force and virtue.

" It being expressly understood that this obligation is a continuing security for the sum of $20,000, but that nothing herein contained shall be so construed as to require said obligees, their successors or assigns, to allow the indebtedness of John H. Draper & Co., to reach said sum of $20,000, or to require said obligees, their successors or assigns, to loan or advance to said firm any sum whatever, or to grant them any credit or accommodation whatever."

When it was given the firm of H. C. Bennett & Co., named in the bond, consisted of Hiram C. and Daniel H. Bennett. Hiram C. Bennett died on the 30th of November, 1884, and another person of the same name was then brought into the firm, and that firm continued to exist down to the time of the commencement of this action. The money for the recovery of which the action was brought, amounting to the sum of $13,500, and interest thereon, was loaned and advanced by this new firm to the firm of John H. Draper & Co., the principal debtors mentioned in the bond. And whether the firm advancing this money is entitled to recover it under the terms of the bond is the legal point presented for decision in this action.

There is no doubt as to the legal principles which each party has appealed to, that the obligation of the defendant as a surety in the

bond must appear to a reasonable degree of certainty to have been created by its language or provisions. And that while the bond is to be strictly construed for the protection of the surety, it is still to have the fair import of its language ascertained for the benefit of the plaintiffs. These principles have been enunciated repeatedly in the authorities, and may be said to be thoroughly well settled. (*People* v. *Pennock,* 60 N. Y., 421; *Ward* v. *Stahl,* 81 id., 406; *Schmitz* v. *Langhaar,* 88 id., 503, 506; *Douglass* v. *Reynolds,* 7 Pet., 113.) And it is equally as well settled that the contract of a surety entered into for the benefit of one or more ascertained parties cannot, without language contained in it indicating that to have been the intention, be so far extended as to become a security for the benefit of others. (*Barns* v. *Barrow,* 61 N. Y., 39.)

This bond, it is true, by the repeated use of the phrase " successors or assigns," does, in a measure, sustain the contention of the plaintiffs that it was not only intended to be a security to the firm of Draper & Co., as it was then constituted, but also as it might afterwards be changed in its membership. But still the controlling purpose of the instrument appears to be to secure loans of money made by the firm of H. C. Bennett & Co., as that firm was constituted at the time when the bond was executed and delivered. In the first paragraph of the bond this limitation or restriction is clearly indicated. For the other obligors, as well as this surety, declared themselves to be held and bound to the firm of H. C. Bennett & Co., and no other firm, even though engaged in business under that name when it should be constituted by different members. And it was this firm which it was intended, according to this portion of the bond, that was to advance the money for which it was given as a security for the firm of Draper & Co. And it was only for money advanced by that firm to these obligors that the obligation was declared to be to pay the firm advancing the money, or their successors or assigns. This was, so far, not an obligation to pay money advanced by the successors or assigns of the firm, but it was an obligation to pay these successors or assigns such money as should be advanced by the firm of H. C. Bennett & Co. And that was designed to include only that company as it then existed. In this respect this paragraph of the bond is clear and explicit, disclosing the intention of the surety, at least, to have been to become obligated

to the firm for the money that it might advance to the other obligors, and to pay that money to that firm or to its successors or assigns. And this expressed restriction, in this manner made, is an important circumstance indicating the intention which should govern the construction of this instrument. For, as a general proposition, it has been stated to be the law, and seems to be well sustained by the authorities, where there may be repugnance or incompatible provisions or clauses contained in an agreement, that the earlier shall prevail, the rule in this respect differing from that which is applied to the construction of a will. (2 Parsons on Cont. [6th ed.], 513, and cases cited in the note.)

The recital following the first paragraph of the bond is equally as restricted, for it states the fact to be that the firm of Draper & Co. had borrowed, and expected from time to time to borrow, money from the firm of H. C. Bennett & Co., and were desirous of giving to this latter firm a continuing security for any moneys that Draper & Co. then owed, or should at any time owe the firm of H. C. Bennett & Co., their successors and assigns, not exceeding the sum of twenty thousand dollars at any one time, and that H. C. Bennett & Co. had required Draper & Co. to furnish this security. This recital is further evidence that the parties intended to deliver the bond only as a security for the moneys which H. C. Bennett & Co. should loan or advance to Draper & Co. And in case of a liability arising in favor of Bennett & Co., that then the liability should still continue in their favor, or might be passed over by them to their successors and assigns. The intention evinced is still to restrict the security to such loans as should be made by H. C. Bennett & Co. And the condition of the bond, although somewhat differently expressed, is required to be restricted within the operation and effect of these preceding provisions in order to maintain and carry out the intention of these parties. By this condition the obligors in the bond bound themselves to pay to the obligees, their successors or assigns, all and every sum of money, not exceeding the aggregate mentioned, which should at any time be due or owing from Draper & Co. to the obligees for or on account of any loans or advances made, or credit granted by the obligees, their successors or assigns. An extended construction of this language, without reference to what was previously made a part of the bond, would include loans by the

successors or assigns of the firm of Bennett & Co. But, inasmuch as the preceding portions of the bond were clearly restricted to loans and advances made only by Bennett & Co., what was probably intended to be secured by the additional language contained in the condition was the protection of the successors or assigns of the firm in their right to collect such loans and advances as should be made by their predecessors, who were members of the firm when the bond was given. For no intention has been expressed in the condition to enlarge the construction of what had been previously stated to define the obligations this surety was designed to take upon herself. The succeeding clause of the bond also indicates this to have been what was intended by the parties to it. For it is there added that the bond should not be so construed as to require Bennett & Co., or their successors or assigns, to allow the indebtedness of Draper & Co. to reach the sum of $20,000, or to require the obligees, their successors or assigns, to loan or advance said firm any sum whatever, or grant to them any credit or accommodation whatever. This paragraph in no manner enlarges the obligation previously created and declared. And to so far extend it as to include loans made by the new firm within the scope of the bond, other and more decisive language evincing that purpose should have been inserted in the instrument if that was what was intended to be accomplished by it. The design which the parties appear to have had in view was to secure the loans or advances which Bennett & Co., as that firm existed at the time when the bond was delivered, should make to Draper & Co., and to obligate the surety, as well as the principal debtors, to repay those advances either to the firm of Bennett & Co., as it then existed, or to their successors or assigns, which might become entitled to demand and receive the money so advanced. It would be an unauthorized extension of the controlling paragraphs contained in this bond to so enlarge it by anything in this ambiguous and uncertain manner expressed in the condition as to include within the security the advances made to the principal debtors by the new firm.

The judgment sustaining the demurrer, accordingly, appears to be right, and it should be affirmed, with costs.

Van Brunt, P. J., concurred.

INGRAHAM, J. :

By the bond upon which the liabilty of the respondent depends, this respondent with her co-obligors were " held and firmly bound unto H. C. Bennett & Company in the sum of forty thousand dollars lawful money of the United States to be paid to the said H. C. Bennett & Co., their successors or assigns." The obligation was to H. C. Bennett & Co., as that firm then existed, and the amount due to that firm the defendant agreed to pay that firm, their successors or assigns.

There is no indication of an intention that this respondent, who executed as surety for her co-obligors, assumed any obligation to any other firm or individual except the amount due to the firm of H. C. Bennett & Co., the obligees in the bond. By the condition it was provided : " That if the above bounden obligors, their heirs, administrators or executors, shall well and truly pay or cause to be paid to the above named obligees, their successors or assigns, all sums and every sum of money not, however, exceeding in the aggregate the sum of $20,000, which shall at any time be due or owing from the said John H. Draper & Co. to the said obligees for or on account of any loans or advances made, or any credit granted by the said obligees, their successors or assigns, to the said John H. Draper & Co., then the above obligation to be void, otherwise to remain in full force and virtue."

The liability of the defendant thus depends upon the existence of a debt due or owing from John H. Draper & Co. to the obligees named in the bond (H. C. Bennett & Co, as then existing). If there was no sum of money due or owing from John H. Draper & Co. to the obligees, then the bond was void. If such sum of money was due and owing to the obligees, whether that indebtedness existed by reason of loans or advances made by the obligees, or their successors or assigns, then the bond was to remain in full force and effect ; but the liability, by the condition of the bond, must be to the obligees named in the bond, that is, to the said firm of H. C. Bennett & Co., and unless the complaint alleged that a sum of money was due from John H. Draper & Co. to the obligees (the then existing firm of H. C. Bennett & Co.), the complaint stated no cause of action upon the bond

By the death of one of the partners of H C. Bennett & Co. that

firm became dissolved, and the subsequent advances made by the plaintiffs, who may be called the successors to the obligees, created no obligation to the firm that had become dissolved by the death of one of its members. Such advances created a debt which became due to the new firm, but the surviving partner of the dissolved firm, the obligees in the bond, could not have maintained an action to recover for the advances made to John H. Draper & Co. by the new firm.

The complaint does not allege that there is any sum of money due or owing from the said John H. Draper & Co. to the obligees named in the bond, and, according to the express terms of the condition, the obligation was void.

I concur, therefore, in the opinion of Mr. Justice DANIELS, and the judgment should be affirmed, with costs.

Judgment affirmed, with costs.