CHARLES E. PEABODY and Others, Appellants, *v.* CHARLES A. BOUTWELL, Respondent.

*Guarantee of payment for goods to be furnished to another — discharge of the guarantor by a departure from the guaranteed contract — ratification.*

A guarantor of the payment for goods ordered in a certain form to be furnished to another has a right to insist upon a strict compliance with the terms and conditions of his undertaking, and if the terms of the contract or obligation guaranteed are departed from in the slightest particular in the form of the order the guarantor's obligation is discharged, unless, with a full knowledge of the facts, he ratifies the departure.

APPEAL by the plaintiffs, Charles E. Peabody and others, from a judgment of the County Court of Rensselaer county in favor of the defendant, entered in the office of the clerk of that county on the 21st day of October, 1892, upon an order of the court made at the close of the plaintiffs' case upon the trial, dismissing the complaint upon the merits.

*George B. Wellington,* for the appellants.

*Frank S. Black,* for the respondent.

MAYHAM, P. J.:

This is an appeal from a judgment of the Rensselaer County Court, entered upon an order of the county judge dismissing the plaintiffs' complaint.

The action is upon a guaranty made by the defendant, securing to the plaintiffs payment for goods ordered of them. The order guaranteed by the defendant to the plaintiffs is in this form:

"TROY, N. Y., *Feb.* 27, 1891.

"Messrs. PEABODY & PARKS,

"*Lansingburgh, N. Y.:*

"GENTS — Please deliver to C. W. Hart the three hundred cans you have made, and send bill to

"Respy.

"C. H. VAN ARNUM,

"of Hart & Co."

"I will be responsible for the above and similar orders to the amount of one thousand dollars.

"O. BOUTWELL & SON."

On this order it appears from the case that the plaintiffs delivered goods of the value of $197. The plaintiffs after filling the order continued to furnish goods to Hart & Co., until in the succeeding October, the plaintiffs had furnished in all goods to the value of $1,723.52, on which Hart & Co. had paid the sum of $880.38, leaving a balance of $842.94.

None of the goods, except those furnished on the first order, were delivered on orders like the one on which the plaintiffs had made their guaranty, but such goods seem to have been furnished to Hart & Co. on their order.

For the balance remaining unpaid, two notes were given, one to C. H. Van Arnum, indorsed by Hart & Co., and one by Hart & Co., indorsed by C. H. Van Arnum. These notes went to protest, and the plaintiffs seek to recover the amount of the same from the defendant upon his guaranty above set out.

The defendant insists that as the first bill of goods were paid for, and as the balance of the same was delivered to Hart & Co. on their order, and not on such an order or one similar to the one he guaranteed, he is not liable.

The trial court concurred in the view of the defendant on this question, and nonsuited the plaintiffs, and the plaintiffs appeal. At the trial the plaintiffs' counsel stated to the court that he did not ask to go to the jury upon any question, but excepted to the decision of the court on the motion for nonsuit, and now urged two grounds for the reversal of the judgment.

*First.* That the defendant is absolutely liable upon his guaranty upon Hart & Co.'s accounts to an amount not exceeding $1,000, and is not released from that liability by the variation in the order on which the goods were sold from the order upon which the guaranty was made.

The defendant's undertaking in this case was in the nature of surety, and he had a right to insist upon strict compliance with the terms and conditions imposed by his undertaking, and when the terms of the contract or obligation guaranteed are departed from in the slightest particular, the guarantor's obligation is discharged. In *Cornell* v. *Eagan* (1 N. Y. St. Repr. 265), the court say: " Any alteration or departure by the parties, from the terms of the contract for the performance of which one becomes a surety for another, dis-

charges the surety, whether the alteration was injurious or beneficial to the surety. * * * The courts will not stop to inquire whether the alteration is or may be prejudicial or beneficial to the surety. He is a sponsor for one contract and no one has a right to make another for him."

In *Evansville Bank* v. *Kauffman* (93 N. Y. 273), the defendant guaranteed any draft that B. might make on F. of New York city. B. made several drafts on F. and had them discounted at plaintiff's bank, some of which were not paid. In an action upon the guaranty, the court say : " It is always competent for a guarantor to limit his liability, either as to time, amount or parties, by the terms of his contract, and if any such limitation be disregarded by the party who claims under it, the guarantor is not bound."

In *National Mech. Banking Assn.* v. *Conkling* (90 N. Y. 116), the court, in discussing the liability of a surety, say : " A surety is never to be implicated beyond his specific engagement, and his liability is always *strictissimi juris*, and must not be extended by construction." In *Barns* v. *Barrow* (61 N. Y. 39), the court, at page 42, upon the subject of the liability of guarantors, say : " The consideration of the contract does not enure to him but to another. He assumes the burden of a contract without sharing in its benefits. He has a right to prescribe the exact terms upon which he will enter into the obligation, and to insist on his discharge in case those terms are not observed. It is not a question whether he is harmed by a deviation to which he has not assented. He may plant himself upon the technical objection : ' This is not my contract.' "

Applying these well-settled rules to the case at bar, the sale of goods to Hart & Co. upon a different order than the one prescribed in the guaranty releases the guarantor from his guaranty, unless with a full knowledge of the departure from the terms of the guaranty, he ratified the act of the plaintiffs and Hart & Co. This, the plaintiffs claim, he did in the interviews with him in the presence of Van Arnum. There is little doubt but that the defendant's statement in those interviews would bind him, if made with a full knowledge of the fact that the goods had been sold on the order of Hart & Co., and not the order prescribed by the terms of the guaranty.

But the proof as it stands establishes beyond reasonable doubt

that the defendant, in making those statements, had no knowledge of any departure from the terms of the guaranty, and supposed that they were delivered on an order such as was prescribed by the guaranty. What he said, therefore, was not a ratification with knowledge of the facts, and did not for that reason amount to such a ratification as would bind the defendant. (*Kelly* v. *Geer*, 101 N. Y. 664–666.)

In *Ritch* v. *Smith* (82 N. Y. 627), it was held that " to establish a ratification by a principal of an unauthorized act of his agent, it must appear that the principal acted with knowledge of the facts; he cannot be held to have ratified acts which did not come to his knowledge." In *Brass* v. *Worth* (40 Barb. 654), the court hold that " Ratification is an act with knowledge, and must be unequivocal in its character. * * * In order to make the ratification of an unauthorized act of an agent binding, it must be made with a full knowledge of the facts affecting the rights of the principal." (*Hays* v. *Stone*, 7 Hill, 128.) Story on Agency ( [9th ed.] § 239, note) lays down the rule upon this subject as follows : " The principal, before ratification becomes effectual against him, must be shown to have had previous knowledge of all the material facts and circumstances in the case, and if he assented or confirmed the acts of his agent while in ignorance of all the circumstances, he can afterwards, when informed thereof, disaffirm it."

The defendant not having with full knowledge affirmed the acts of the plaintiff and Hart & Co., is not bound by his statements subsequent to the time of the delivery of the goods.

On the whole case we discover no error committed by the learned county judge, for which this judgment should be reversed.

The judgment must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.