(26 Misc. Rep. 774.)

## MAYER v. COOK.

(Supreme Court, Appellate Term.    March 24, 1899.)

GUARANTY—SCOPE—SALES.

    Under a guaranty to pay "all bills of goods bought by B. and M.," not to exceed a gross sum, the guarantor is not liable for sales to either party individually, but only for joint sales.

Appeal from municipal court, borough of Manhattan, First district.

Action by Charles H. Mayer against George Cook.    From a judgment for plaintiff, defendant appeals.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Franklin Pierce, for appellant.

Jonas B. Weil, for respondent.

LEVENTRITT, J.    The judgment recovered by the plaintiff was predicated on the following guaranty:

                             "Brooklyn, Jany. 19th, 1897.

"To Chas. H. Mayer, 348 Greenwich St., New York—Sir:    For and in consideration of the sum of $1.00 to me paid by you, receipt whereof is acknowledged, I hereby agree to become surety for the payment of all bills of goods

bought by Mr. James J. Burton and Mr. James J. Mackin, both of the city of Brooklyn, to an extent not exceeding the sum of three hundred and fifty dollars; and for any default that shall be made in the payment of the said sum of $350.00, or any part thereof, I hereby undertake and agree to pay to you the said sum, or such sum as may be due; and it is hereby expressly agreed and declared that the said sum of three hundred and fifty dollars, or any smaller portion thereof, shall be considered as liquidated damages, and treated as such, for the purpose of this undertaking and agreement.

　　"Dated this 19th day of January, 1897.　　　　　　George Cook.
　　"Witness: J. W. Webber."

The plaintiff seeks to hold the defendant answerable for the unpaid balance of the price of certain goods sold and delivered to James J. Burton individually. No goods were sold to James J. Mackin individually, or to James J. Burton and James J. Mackin jointly. It cannot be questioned that the guaranty contemplated joint sales only. The language admits of no other construction. The use of the conjunctive "and" in the phrase, "all bills of goods bought by Mr. James J. Burton and Mr. James J. Mackin," cannot be construed to cover bills of goods bought by either of them individually. While courts have construed "and" as "or," and vice versa, such construction has been sanctioned only for strong reason, and in order to carry out the manifest intention of the parties. 11 Am. & Eng. Enc. Law, 338; Roome v. Phillips, 24 N. Y. 463; Hale v. Sweet, 40 N. Y. 97. The paper before us, in so far as it reflects any intention, indicates that only joint sales were contemplated; that the liability of the defendant was to arise only on the default of two persons, and not on that of either. This appears from the phraseology adopted with reference to the limitation of the amount of the guaranty as one gross sum covering sales to both, and not to each. The extent of the guarantor's liability would be doubled if the respondent's construction were to prevail. It is unnecessary to invoke the rule of strict construction to protect the guarantor against the liability here sought to be enforced. The obvious intention disclosed by the instrument is supported by the evidence. That indicates that, at the time of the execution of the guaranty, a co-partnership between Burton and Mackin was contemplated and mentioned. It is manifest that an engagement to answer for the obligations of debtors collectively cannot be extended to their individual obligations. Bank v. Mitchell, 15 Conn. 207; Bill v. Barker, 16 Gray, 62; Barnes v. Barrow, 61 N. Y. 39. The judgment must therefore be reversed.

　　Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.