## COAN v. PATRIDGE.

(Supreme Court, Trial Term, Onondaga County. March, 1906.)

GUARANTY—CONSTRUCTION.

A guaranty of the payment of all moneys to become due from a merchant for merchandise did not extend to the liability of a firm composed of the merchant and one whom he subsequently took into partnership with him.

[Ed. Note.—For cases in point, see vol. 25, Cent. Dig. Guaranty, § 30.]

Action by Helen M. Coan, individually and as executor of Amos S. Coan, deceased, against Grover Patridge. Complaint dismissed.

Eugene M. White, for plaintiff.
Willis C. Ellis, for defendant.

ROGERS, J. Trial by the court without a jury. This action was brought upon the following guaranty:

"For a good and valuable consideration to me in hand paid, I, the undersigned, guaranty the payment to Amos S. Coan & Co. of all money now due or hereafter to become due and owing by Harriet D. Patridge. The consideration herein referred to is the extension of credit, and the further sale of merchandise on credit; also the sum of one dollar to me in hand paid.
"Dated October 10, 1899.
"[Signed]                                          Grover Patridge."

At the time of the making of the guaranty, Harriet D. Patridge, the principal, was engaged in the retail grocery business at Clifton Springs, N. Y. She was an invalid, confined to her room. The guarantor, Grover Patridge, was her husband, and was actively engaged in conducting the business. What amount was due the plaintiff at the time of the making of said guaranty, or what indebtedness, if any, accrued between that time and April 1, 1902, when she took her son, D. Wells Patridge, in copartnership with her, does not appear. There is no claim, however, that such indebtedness, if any, has not been paid. Between August 13, 1903, and March 12, 1904, the plaintiff sold and delivered to the firm of H. D. Patridge & Son goods to the value of $525.67, on which was credited, October 9, 1903, for goods returned, $7.80, leaving a balance of $517.87. On the 11th of April, 1904, said Harriet D. Patridge and D. Wells Patridge, copartners, were adjudged bankrupts. A trustee was appointed, who administered the estate in bankruptcy, and the plaintiff received dividends amounting to $59.14, leaving a balance unpaid of $458.73. The plaintiff now seeks to recover this sum from the defendant, upon the theory that the members of a firm are individually liable for the debts of the copartnership, and cites Judd Linseed Oil Co. v. Hubbell, 76 N. Y. 543, 546, and Amsterdam v. Rayher, 43 App. Div. 602, 60 N. Y. Supp. 330. As I understand, the claim is that Harriet D. Patridge, being individually liable, she, as a member of the firm, is still covered by the guaranty of payment "of all money now due or hereafter to become due and owing by Harriet D. Patridge," though contracted by H. D. Patridge & Son. The plaintiff's counsel in his brief says:

"This action is not brought for goods sold to the firm, but is brought to recover a debt for money due and owing to plaintiff from one of the individual members of the copartnership"—

And therefore he urges his right to recover.

The complaint, nevertheless, alleges that:

"Between August 13, 1903, and March 12, 1904, * * * this plaintiff * * * sold and delivered to the firm of H. D. Patridge & Son goods, wares, and merchandise, consisting of wholesale groceries, to the amount and the agreed price and value of $525.67."

It is to recover for a debt contracted in the purchase of goods by the said firm.

It is evident that an action brought against Harriet D. Patridge & Son would, necessarily, be for goods sold and delivered, and that no action could be maintained against her alone for the sale of the goods; it would have to be brought against the members of the firm. She could not be sued alone. Mason v. Wells, 2 Hun, 518; Speyers v. Fisk, 3

Hun, 706. How does a creditor obtain a greater right against his debtor's guarantor than he has against the debtor himself? What can he do against the one which he cannot do against the other? The surety is not to be held beyond the precise stipulations of his agreement. Gates v. McKee, 13 N. Y. 232, 237, 64 Am. Dec. 540. It is to be strictly construed, and it does not matter whether a departure from the contract guarantied is or is not injurious to him. Page v. Krekey, 137 N. Y. 307, 33 N. E. 317, 21 L. R. A. 409, 33 Am. St. Rep. 731. It seems to me that a guaranty of an individual cannot be extended so as to cover ·the liability of a firm of which the individual subsequently becomes a member. Barns v. Barrow, 61 N. Y. 39, 42, 19 Am. Rep. 247; Burch v. De Rivera, 53 Hun, 367, 6 N. Y. Supp. 206; Bennett v. Draper, 139 N. Y. 266, 34 N. E. 791; Mayer v. Cook (Sup.) 57 N. Y. Supp. 94; Peabody v. Boutwell, 69 Hun, 361, 23 N. Y. Supp. 625; Davis S. M. Co. v. Lawrence, 3 Thomp. & C. 386.

Reasons might be suggested whereby a person could safely stand as surety for one, when he would be quite unwilling to guaranty for that individual and another whom he might associate with himself as copartner. One is patent. The business ability and integrity of the incoming partner might make a material difference in his estimate of the risk; and if he were compelled to stand for two, or for one who has given power to another to bind the two by the contract of the newcomer, it would place upon him an obligation other and perhaps quite beyond what was originally contemplated.

My conclusion, therefore, is that the guaranty in question does not extend so far as to make the defendant responsible for direct or indirect liability of Harriet D. Patridge to the plaintiff as a member of the firm of H. D. Patridge & Son.

The complaint will be dismissed, with costs.