---

## In re HALLOCK et al.

### (District Court, W. D. New York. September 29, 1915.)

1. DEPOSITARIES ⬅13—BOND—DISCHARGE OF SURETY—PARTNERSHIP—DISSOLUTION BY DEATH.

Where, upon designation of the H. Bank, operated by copartners, as a county depository, such copartners gave the county treasurer a bond with two sureties guaranteeing the bank, as such, by its name, as the principal debtor, and thereafter one of the partners died, the business being continued by the surviving partner and his mother, the sureties were not liable on the bond for moneys lost in the custody of the bank after the death of the partner, since such death operated to dissolve the partnership, while a guaranty of a firm under an institutional name does not continue in force beyond the existence of the identical firm for which it was given.

[Ed. Note.—For other cases, see Depositaries, Cent. Dig. § 27; Dec. Dig. ⬅13.]

2. BANKRUPTCY ⬅154—SET-OFF AGAINST TRUSTEE—SURETY'S RIGHT TO INDEMNITY—VOLUNTARY PAYMENT—NOTICE.

Where one became surety upon the bond of a bank designated as county depository and operated by two partners, which bank, after the death of one of such partners, was continued by the surviving partner and another until insolvency, whereupon, on demand of the county treasurer, the surety made good for county funds deposited after the death of the partner, such surety could not, in suit by the trustee in bankruptcy of the banking partnership against him on notes, offset the amount of the payment he had paid the county treasurer on the bond, since, as the dissolution of the partnership upon death released him from liability, his payment to the county treasurer was purely voluntary, giving him no right of recourse against his principal, irrespective of his lack of knowledge that the deceased partner was a member of the firm; he being chargeable with notice, since reasonable inquiry on his part, upon the demand of the county treasurer upon him, would have disclosed the fact.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 451–455; Dec. Dig. ⬅154.]

In Bankruptcy. In the matter of William N. Hallock and Louise N. Hallock, as individuals and as copartners doing business under the firm name and style of the George W. Hallock Bank, bankrupts. Claim of an offset against promissory notes owing the bank. Decision of the referee against the validity of the claim confirmed by the court.

H. V. Pratt, of Wayland, N. Y. (Warren & Shuster, of Rochester, N. Y., of counsel), for claimant.

James McCall, of Bath, N. Y., for general creditors.

HAZEL, District Judge. The undisputed facts, in so far as material, are as follows: On January 24, 1910, while Mary H. Hallock

and her grandson, William N. Hallock, were copartners engaged in the business of banking at Bath, N. Y., under the firm name of "The George W. Hallock Bank," the treasurer of Steuben county designated the said bank as a depository for county moneys and required a bond or undertaking, pursuant to section 145 of the County Law, for the faithful return of all deposits; not exceeding $10,000, made by him therein. The bond or undertaking was executed by the claimant and one Richardson, as sureties, and the George W. Hallock Bank, by W. N. Hallock, Cashier, as principal; the sureties jointly and severally undertaking that the bank would safely keep and pay over any deposits that were made by said treasurer, and protect and save harmless the county of Steuben from any and all loss because of any deposits or payments, not exceeding the amount specified. On July 21, 1910, Mary H. Hallock died, and the business of private banking was continued by the surviving partner, William N. Hallock, individually, until June, 1911, when he associated with himself in said business his mother, Louise N. Hallock. The bank suspended payment in May, 1912, and on June 1st following the partners were adjudicated bankrupt, individually and as copartners. At the date of the adjudication there was on deposit in said bank in the name of the treasurer of Steuben county the sum of $6,081.99, subject to the usual form of withdrawal, and after adjudication the treasurer filed a claim therefor with the referee in bankruptcy against the bankrupt estate, which was allowed. The treasurer, however, on June 12, 1912, demanded in writing of claimant and his cosurety, Richardson, payment of the amount deposited, and thereupon each of the sureties, supposing himself liable, paid to the treasurer one-half of the total amount deposited, receiving an assignment or transfer of the claim allowed the treasurer against the bankrupt estate, and becoming subrogated pro tanto to the legal and equitable rights of the county treasurer. At the time of the adjudication in bankruptcy the claimant, George W. Peck, was indebted to the bankrupts in the sum of $3,033.33 on two promissory notes for $2,000 and $1,000, respectively, and he now urges that the amount paid by him on the surety bond or undertaking be set off and allowed as an offset against his promissory notes to the bank.

The evidence is that during the period from July 21, 1910, to June 1, 1912, there was a running account kept by the said county treasurer at the said bank, consisting of deposits and withdrawals, and that on the last-mentioned date there remained in the bank a small balance. A portion of the deposits consisted of an interest-bearing certificate of deposit, amounting to $2,000, which under an arrangement between the parties was renewed from time to time by a system of transferring the indebtedness from an open account to a certificate of deposit. However, it is undisputed that substantially all deposits had been withdrawn by the county treasurer prior to May, 1912.

[1, 2] The referee decided that upon the death of Mary H. Hallock there was such a substantial change in the principals to the bond that the sureties thereon were automatically released from liability on all sums thereafter deposited, and he accordingly refused to offset the amount paid by the claimant in satisfaction of his supposed liability

on the bond against his indebtedness to the bankrupt firm on the promissory notes. I think the referee properly decided the case. The death of Mary H. Hallock concededly operated to dissolve the partnership. The sureties were not, in my opinion, bound for any deposits made during the time the business was conducted by the surviving partner alone, or in association with another partner. There are numerous cases upholding this view. That neither the county treasurer nor the sureties had actual knowledge of Mary H. Hallock's connection with the banking business, or the dissolution of the firm resulting from her death, is not of material importance. The claimant upon reasonable inquiry would have been apprised of the true facts, and he then no doubt could successfully have defended himself against any assertions by the county treasurer of liability on the bond or undertaking.

The bond, it is true, does not refer to the existing partnership, or to the individuals composing the firm, but refers to the principal debtor as an entity. Nevertheless, as said by Judge Sawyer in Richards v. County of Steuben, 155 N. Y. Supp. 571, a recently decided case involving the bond under discussion in the case at bar:

"Here the obligation is not to secure to the George W. Hallock Bank, as such, the honesty of a prospective employé, or even payment to it of another's indebtedness, but is a guaranty to the defendant and its county treasurer for the George W. Hallock Bank, as a principal debtor. With us it has never been held by the courts that a guaranty under an institutional name continued in force beyond the existence of the identical firm for which it was given."

The learned court considered that the two English cases, Barclay v. Lucas, 1 Term Rep. 292, and Metcalf v. Bruin, 12 East, 400, upon which reliance is placed by the claimant herein, had been expressly overruled in this country. I concur with Judge Sawyer's views, and think that the nomenclature and phraseology of the bond do not indicate a continuing liability upon the sureties, regardless of the personnel of the firm or the character of the business. Bennett et al. v. Draper, 139 N. Y. 266, 34 N. E. 791; Gamble v. Cuneo, 21 App. Div. 413, 47 N. Y. Supp. 548. The bond was neither uncertain nor ambiguous, and no extraneous explanation was required to disclose the intent of the makers. In the circumstances the presumption no doubt is warranted that the sureties had in mind becoming answerable for the default of the George W. Hallock Bank, as conducted by a partnership composed of William N. Hallock and Mary H. Hallock, and not for the default of said bank when conducted by any other firm or party succeeding to its business. Burch v. De Rivera, 53 Hun, 371, 6 N. Y. Supp. 206.

The question presented for review is answered in the negative. I also agree with the referee in the allowance of an offset of $126.16, together with certain dividends against claimant's promissory notes, and in holding that the claimant is liable to the bankrupts for the unpaid balance thereon.