## Fleck Brothers Company v. Pieretti.

*Buckman & Buckman*, for plaintiff; *Sacks & Piwosky*, for defendant.

LEWIS, J., March 20, 1931.—In this action, tried by the court without a jury, plaintiff seeks a finding in its favor in the sum of $500, based upon defendant's alleged breach of a written contract of guaranty, the relevant portions of which are as follows:

"In consideration of the sum of one dollar by me had and received from Fleck Bros. Co. and in further consideration that Fleck Bros. Co. shall sell to Alfonzo Pierangeli & Frank Palumbi goods, wares and merchandise, or shall extend credit to S. W. Cor. 51st & Stiles Street, Phila. for goods, wares and merchandise, for any other matter or thing whatsoever, I hereby agree with the said Fleck Bros. Co. as follows, to wit:

"First. I am held and firmly bound to the said Fleck Bros. Co. for the prompt payment of such sum or sums of money as may at any time or from time to time be due, owing and coming to them for any goods sold to ........ ............. or for any other matter or thing whatsoever, but my liability under this agreement shall not at any time or in any event exceed the sum of Five Hundred..........00/100 Dollars.

"Second. This is an agreement of suretyship and is to be in full force and effect until revoked by me by written notice delivered to the said Fleck Bros. Co. and shall cover all goods and merchandise or credit extended to Alfonso Pierangeli & Frank Palumbi up to the time of delivery of said notice, and also the value of all goods and merchandise or other thing of value which the said Fleck Bros. Co. may have agreed to deliver to him, or become liable for by reason of any agreement entered into with him or at his instance up to the time of the delivery of said notice.......................................

"Fifth. It is understood and agreed that the goods and merchandise, value or thing sold or extended by the said Fleck Bros. Co. to Alfonso Pierangeli & Frank Palumbi shall be upon such terms, conditions and requirements as the said Fleck Bros. Co. may in their judgment extend to him. I hereby waive the signing of this agreement by the said Fleck Bros. Co. . . ."

It was established in the course of the trial that no goods were sold to Frank Palumbi individually or to Alfonso Pierangeli and Frank Palumbi jointly, but that there was an unpaid balance for goods sold and delivered to Alfonso Pierangeli. It was conceded on behalf of the plaintiff that the merchandise for the price of which recovery is sought was sold, delivered and charged to Alfonso Pierangeli individually.

The question to be determined is whether, under the terms of the guaranty, the defendant guarantor is liable for goods sold to either one of the principals after a severance of their joint connection.

The liability of a surety is measured by the express terms of his agreement and is not to be extended by construction: 5 Elliott on Contracts, § 3941, page 17.

The defendant's contract must be determined from the language used. Whenever the intention of the parties has been thus ascertained, the principle of *strictissimi juris* applies, and the court guards the rights of the surety to protect him against any liability which is not strictly within the terms of his contract. Thus, a guaranty for the acts or debt of one will not be extended to those of another, and a guaranty of accounts due to one personally will not cover accounts carried by him for a disclosed principal. A guaranty of advances to a firm will not cover advances made to individual members of such firm or advances made to the firm after a change therein: 28 Corpus Juris, 956.

There is also authority for the proposition that as a general rule a surety or guarantor of a copartnership is not liable in respect of transactions or defaults subsequent to its dissolution by a withdrawal from or an addition to its membership, whether the transaction or default is by a partnership which succeeds the original partnership or by an individual member of the original partnership: Zeo *v.* Loomis, 246 Mass. 366; Lumberman's Bank & Trust Co. *v.* Sevier, 270 Pac. Repr. 291; Dupee *v.* Blake, 148 Ill. 453.

Not only because of authority but in reason might it well be said that one would be willing to stand surety for two principals jointly and be unwilling to guarantee for one of the individuals after severance of the business relationship between the principals.

Plaintiff offered no evidence to show that the parties concerned intended to create a liability for the several obligations of the named principals, and from the transaction itself it appears that the plaintiff recognized a change in the condition of the principals with reference to the subject-matter by its modification of the manner of charging the account to conform to the new business arrangement after the withdrawal of Frank Palumbi from the joint relationship.

The defendant, whom the plaintiff seeks to hold liable under his guaranty, certainly had the right to determine the extent of his obligation. He had a right to rely upon a joint character and credit rather than an individual. It may be that for that very reason he obligated himself to be responsible for goods delivered to or liability incurred by "Alfonzo Pierangeli & Frank Palumbi." It was a guaranty contemplating sales to the principals in their joint capacity. The language used admits of no other construction. True it is that courts have construed "or" for "and" and *vice versa* where such construction was necessary to carry out the manifest intention of the parties, but it has never been applied for the purpose of supplying an intention not otherwise appearing: Rice *v.* Bennington County Savings Bank, 108 Atl. Repr. 708; Roome *v.* Phillips, 24 N. Y. 463; Hale *v.* Sweet, 40 N. Y. 97.

The use of the conjunction "&" in the phrase "In further consideration that Fleck Bros. Co. shall sell to Alfonzo Pierangeli & Frank Palumbi goods, wares and merchandise . . ." cannot be construed to include bills of goods bought by either of them individually.

The contract before us clearly indicates that only joint sales were contemplated; that the liability of the defendant was to attach only upon default of two persons and not on that of either. There is no proof that credit was extended to the property named in the contract of guaranty, to wit, S. W. corner 51st and Stiles Streets, Philadelphia; it appears that all of the goods, payment of which is sought from this defendant, were sold, delivered and charged to Pierangeli after the admitted dissolution of the joint relationship

between the two named principals. The phraseology adopted in its limitation of the amount of the guaranty as one gross sum covering sales to both and not to each, to wit, $500, lends itself only to the construction as here outlined, for, if plaintiff's theory were to prevail, he might well have a double liability on the part of the guarantor for each of the principals. There is no need to further labor this point, since the obvious intention of the parties is disclosed by the instrument and supported by the evidence. It is perfectly plain that an engagement to answer for the obligations of debtors collectively cannot be extended so as to apply to the debt of an individual: Mayer *v.* Cook, 57 N. Y. Supp. 94; Barns *v.* Barrow, 61 N. Y. 39; Bank *v.* Mitchell, 15 Conn. 206.

A careful consideration of the pleadings, of the contract and the testimony adduced leads the trial judge to the conclusion that the defendant is not liable. Accordingly, the court enters a finding for the defendant.